IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division



McGUIREWOODS LLP,

        Plaintiff,

v.                               CIVIL ACTION NO. 3:10CV354

GREAT NORTHERN INSURANCE COMPANY,

        JURY TRIAL DEMANDED

    SERVE ON:
    CT Corporation System
    4701 Cox Rd.; Suite 301
    Glen Allen, Va. 23060,

        Defendant.

## COMPLAINT

COMES NOW Plaintiff, McGuireWoods LLP ("McGuireWoods"), by counsel, and for its Complaint against Defendant Great Northern Insurance Company ("Great Northern"), states as follows:

## PARTIES

1. Plaintiff McGuireWoods is now, and at all times relevant to this action was a limited liability partnership duly organized and existing under the laws of the Commonwealth of Virginia, engaged in the practice of law, with its headquarters and principal place of business at 901 East Cary Street, Richmond, Virginia.

2. Upon information and belief, Defendant Great Northern is incorporated under the law of Minnesota and is a subsidiary of the Chubb Group of Insurance Companies ("Chubb"). Great Northern's principal place of business is in New Jersey. Upon information and belief,

Great Northern is licensed to do business, and regularly transacts and carries on business in the Eastern District of Virginia.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332(a), because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

4. Venue in this District is proper pursuant to 28 U.S.C. § 1391(a).

## GENERAL ALLEGATIONS

### The Insurance Policies Sold to McGuireWoods

5. In consideration for substantial premiums, Great Northern sold McGuireWoods Liability Insurance Policy No. 3581-46-28 HOU providing commercial general liability insurance coverage to McGuireWoods during the period from August 1, 2007 to August 1, 2008, a true and correct copy of which is incorporated into this Complaint and attached hereto as Exhibit A.

6. Great Northern sold McGuireWoods Liability Insurance Policy No. 3581-46-28 CLT providing comprehensive general liability insurance coverage to McGuireWoods during the period from August 1, 2008 to August 1, 2009, a true and correct copy of which is incorporated into this Complaint and attached hereto as Exhibit B.

7. These policies contain identical material terms and are henceforth collectively referred to as the "Great Northern Policy." The Great Northern Policy had general aggregate limits of $2,000,000, each occurrence limits of $1,000,000, and personal injury aggregate limits of $1,000,000.

8. The Great Northern Policy imposes on Great Northern, among other things, a duty to defend, indemnify and pay in full the costs of any suit seeking damages for any claim arising out of alleged personal injury.

9. The Great Northern policy defines personal injury as including both defamation and malicious prosecution.

10. McGuireWoods paid full and substantial premiums to Great Northern for the Great Northern Policy.

11. McGuireWoods has complied with all applicable conditions precedent to coverage under the Great Northern Policy.

12. As such, McGuireWoods is entitled to the benefits of the Great Northern Policy.

### The Underlying Personal Injury Claims and Suits

13. Christopher Spencer, Esq. ("Spencer"), of the law firm Bowman and Brooke, LLP, and McGuireWoods, LLP were separately retained to represent Wintergreen Partners, Inc., in a civil litigation titled Grigg v. Wintergreen Partners, Inc., originally tried in the Circuit Court of Albemarle County, Virginia in July, 2004, and ultimately subject to a Petition for Appeal filed in the Supreme Court of Virginia on December 29, 2004.

14. The appeal to the Supreme Court of Virginia was ultimately dismissed on July 7, 2005 because the original trial transcript was not timely filed as required by the Rules of that court.

15. The dismissal of the appeal of the Grigg matter was the subject of an article in the *Virginia-Pilot* located in Norfolk, Virginia and an internet article by the *National Law Journal*.

16. Spencer ultimately alleged that he had been defamed by John S. Barr, Esq., E. Duncan Getchell, Jr., Esq., and Rosewell Page, III, Esq., all partners of McGuireWoods, and by

3

William Allcott, an employee of McGuireWoods, related to statements appearing in the Virginia-Pilot and the National Law Journal articles, as well as other statements regarding the attorney responsible for the failure to timely file the trial transcript in the Grigg matter.

17. Based on these alleged defamatory statements and within the applicable policy period of the Great NorthernPolicy, Spencer filed suit against Getchell and Allcott in the Circuit Court for the City of Richmond on November 14, 2007 alleging the following causes of action: 1) Defamatory Statements Related to the Virginian-Pilot Article; 2) Defamatory Statements Related to the National Law Journal Article; 3) Conspiracy to Injure Spencer in his Reputation, Business and Profession; 4) Negligence Related the Virginian-Pilot Article; and, 5) Negligence Related to the National Law Journal Article. A true and correct copy of this Complaint against Getchell and Allcott is incorporated into this Complaint and attached hereto as Exhibit C.

18. Spencer subsequently filed an Amended Complaint against Getchell and Allcott on or about October 27, 2008 alleging the following causes of action: 1) Malicious Defamation by Getchell re: the Virginian-Pilot Article; 2) Malicious Defamation by Allcott re: the Virginian-Pilot Article; 3) Malicious Defamation by Getchell and Allcott re the National Law Journal; 4) Abuse of Process by Getchell and Allcott; 5) Conspiracy to Injure Spencer in his Reputation, Business & Profession; 6) Negligent Defamation by Getchell re: the Virginian-Pilot Article; 7) Negligent Defamation by Allcott re: the Virginian-Pilot Article; and, 8) Negligent Defamation by Getchell and Allcott re: the National Law Journal. A true and correct copy of this Amended Complaint against Getchell and Allcott is incorporated into this Complaint and attached hereto as Exhibit D.

19. The Circuit Court ultimately entered judgment in favor of Getchell and Allcott as a matter of law and awarded no monetary damages to Spencer.

20. Spencer appealed that decision to the Supreme Court of Virginia, but the Court denied the Petition for Appeal. Thus, final judgment has now been rendered in favor of the defendants.

21. Based on the alleged defamatory statements and within the applicable policy period of the Great Northern Policy, Spencer filed a separate suit against McGuireWoods LLP, McGuireWoods Consulting, and John S. Barr in the Circuit Court of the City of Richmond on September 10, 2008 alleging the following causes of action: 1) Malicious Defamation by Barr and the Law Firm Relating to the Virginian-Pilot Article; 2) Malicious Defamation by the Consulting Company Relating to the Virginian-Pilot Article; 3) Malicious Defamation by Barr, the Law Firm and the Consulting Company Relating to the National Law Journal; 4) Malicious Defamation by Barr and the Law Firm Through McGuireWoods Partner Rosewell Page; 5) Abuse of Process by Barr, the Law Firm and the Consulting Firm; 6) Conspiracy to Injure Spencer in his Reputation, Business and Profession; 7) Negligence by Barr and the Law Firm Relating to the Virginian-Pilot Article; 8) Negligence by the Consulting Company Relating to the Virginian-Pilot Article; 9) Negligence by Barr, the Law Firm and the Consulting Company Relating to the National Law Journal; and, 10) Negligence by Barr and the Law Firm Through Page. A true and correct copy of this Complaint against McGuireWoods LLP, McGuireWoods Consulting, and Barr is incorporated into this Complaint and attached hereto as Exhibit E.

22. The Circuit Court ultimately entered judgment in favor of McGuireWoods, McGuireWoods Consulting, and Barr as a matter of law and awarded no monetary damages to Spencer.

23. Spencer filed a Petition for Appeal with the Supreme Court of Virginia but withdrew the Petition before the Court could rule on it. Thus, final judgment has now been rendered in favor of the defendants.

24. In defense of the lawsuits filed by Spencer against Getchell, Allcott, McGuireWoods, McGuireWoods Consulting, and Barr, McGuireWoods incurred and paid over $75,000.00 in legal fees, plus costs.

## Insurer's Denial of Coverage

25. Upon learning from counsel for Spencer by letters dated October 12, 2007 and November 5, 2007 of Spencer's defamation claim and threatened suit against William Allcott, E. Duncan Getchell, Jr., Esq., McGuireWoods, and McGuireWoods Consulting, McGuireWoods provided Great Northern with written notice of the potential claims by Spencer ("Underlying Claims and Suits") by letter dated November 9, 2007 to the Chubb Group of Insurance Companies, the parent company of Great Northern.

26. By letter to McGuireWoods dated December 23, 2008, Chubb acknowledged receipt of notice of the Underlying Claims and Suits on behalf of Great Northern.

27. On behalf of Great Northern, Chubb denied coverage for the Underlying Claims and Suits on the ground that coverage for the Underlying Claims and Suits was subject to an exclusion of the Great Northern Policy for professional services.

28. Following the original denial of coverage by Chubb on behalf of Great Northern, McGuireWoods renewed the request that Great Northern provide coverage to McGuireWoods for the Underlying Claims and Suits by letter dated February 13, 2009. This February 13, 2009 letter requested coverage for both Spencer's first defamation suit against Getchell and Allcott and his second defamation suit against Barr, McGuireWoods, and McGuireWoods Consulting.

29. Despite repeated requests by McGuireWoods, Great Northern refused to honor its contractual obligations to provide McGuireWoods with a defense of and indemnification for the Underlying Claims and Suits made against William Allcott, John S. Barr, Esq., E. Duncan Getchell, Jr., Esq., McGuireWoods, and McGuireWoods Consulting.

30. Great Northern has, not acting in good faith, denied coverage and failed and refused to make payment to McGuireWoods under the Great Northern Policy.

31. The denial of coverage and refusal to make payment under the policies by Great Northern have caused McGuireWoods to sustain damages consisting of attorney's fees in excess of $75,000.00, plus litigation expenses, and defense and investigation costs relating to the Underlying Claims and Suits, and, in addition, McGuireWoods has incurred and will continue to incur the costs and attorneys fees of pursing this insurance coverage action.

## COUNT I - BREACH OF CONTRACT

32. McGuireWoods restates and incorporates the allegations contained in Paragraphs 1 through 31 as if fully set forth herein.

33. Under the terms of the Great Northern Policy, Great Northern is liable for expenditures made, or required to be made, by McGuireWoods to defend the Underlying Claims and Suits.

34. McGuireWoods requested that Great Northern honor its duty to pay McGuireWoods' costs of defending the Underlying Claims and Suits.

35. Great Northern denied any obligation to pay McGuireWoods' costs of defending the Underlying Claims and Suits.

36. Great Northern breached the provisions of the Great Northern Policy by refusing to defend and to pay McGuireWoods' costs of defending the Underlying Claims and Suits.

37. As a direct and proximate result of the breach of the Great Northern Policy by Great Northern, McGuireWoods has sustained damages consisting of attorney's fees in excess of $75,000.00, plus litigation expenses, and defense and investigation costs relating to the Underlying Claims and Suits.

38. In addition, McGuireWoods has incurred and will continue to incur the costs and attorney fees of pursing this insurance coverage action.

39. As a direct and proximate result of its breach of the Great Northern Policy, Great Northern has deprived McGuireWoods of the benefit of the insurance coverage for which McGuireWoods paid a full and substantial premium.

40. Great Northern is legally obligated to pay all damages caused by its breach of its duty to defend and to pay McGuireWoods' costs of defending the Underlying Claims and Suits, all as alleged in paragraph 24, 31, and 37 of this Complaint.

### PRAYER FOR RELIEF

For the foregoing reasons, McGuireWoods prays for judgment as follows:

(a) That this Court award McGuireWoods damages for all costs of defense and damages as alleged in Paragraphs 24, 31, and 37 of this Complaint which McGuireWoods has incurred in connection with the Underlying Claims and Suits.

(b) That McGuireWoods be awarded all costs, attorney's fees, and other expenses that McGuireWoods has incurred in enforcing its rights to insurance in this insurance coverage action, including all costs, attorney's fees, and other expenses awardable under Va. Code § 38.2-209.

(c) That McGuireWoods be awarded pre- and post-judgment interest.

(d)     That McGuireWoods be awarded such other, further, or alternative relief that this Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

**McGUIREWOODS LLP**

By: _____
                    Counsel

James W. Morris, III
Virginia State Bar No. 05740
Matthew D. Green
Virginia State Bar No. 46913
Attorneys for McGuireWoods LLP
Morris & Morris, P.C.
Post Office Box 30
Richmond, Virginia 23218-0030
(804) 344-8300 Telephone
(804) 344-8359 Facsimile
jmorris@morrismorris.com
mgreen@morrismorris.com