IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

McGUIREWOODS LLP,

        Plaintiff,

v.                                      Civil Action No. 3:10cv354

GREAT NORTHERN INSURANCE COMPANY,

        Defendant.

## PLAINTIFF McGUIREWOODS LLP'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

James W. Morris, III (VSB No. 05740)
Matthew D. Green (VSB No. 46913)
Melissa Y. York (VSB No. 77493)
Morris & Morris, P.C.
P.O. Box 30
Richmond, VA  23218
(804) 344-8300 Telephone
(804) 344-8359 Facsimile

*Counsel for Plaintiff McGuireWoods LLP*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION .................................................................................................................1

FACTUAL BACKGROUND ................................................................................................1

ARGUMENT .........................................................................................................................5

    I.      Great Northern Fails to Adequately Allege 48 of its 53 Affirmative
           Defenses ................................................................................................................6

    II.     In Addition, Some of Great Northern's "Defenses" Should Also be
           Stricken with Prejudice Because They are not Proper Affirmative
           Defenses ................................................................................................................9

CONCLUSION ....................................................................................................................12

**TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

Ashcroft v. Iqbal,
    129 S. Ct. 1937 (2009) .................................................................................................6-9

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ......................................................................................................6-9

Brinkley v. Harbour Recreation Club,
    180 F.3d 598 (4th Cir. 1999) ............................................................................................11

Bryant Real Estate, Inc. v. Toll Bros.,
    106 F. App'x 182 (4th Cir. 2004) ......................................................................................6

Crawford-El v. Britton,
    523 U.S. 574 (1998) ...........................................................................................................6

CTF Dev., Inc., v. Penta Hospitality, LLC,
    No. 09-02429, 2009 WL 3517617 (N.D. Cal. Oct. 26, 2009) ...........................................7

E&J Gallo Winery v. Encana Energy Servs., Inc.,
    No. 03-5412, 2008 WL 2489887 (E.D. Cal. June 18, 2008) ..........................................10

Emergency One, Inc. v. Am. Fire Eagle Engine Co., Inc.,
    332 F.3d 264 (4th Cir. 2003) .................................................................................. 6, 9-10

Fed. Trade Comm'n v. Think All Publ'g, LLC,
    564 F. Supp. 2d 663 (E.D. Tex. 2008) ............................................................................10

Gaudiello v. Allied-Signal, Inc.,
    No. 90-20097, 1990 WL 304271 (N.D. Ill. Nov. 15, 1990) ............................................10

Gilbert v. Eli Lilly & Co.,
    56 F.R.D. 116 (D. P.R. 1972) ..........................................................................................10

Hayne v. Green Ford Sales,
    263 F.R.D. 647 (D. Kan. 2009) .........................................................................................7

Home Mgmt. Solutions, Inc. v. Prescient, Inc.,
    No. 07-20608, 2007 WL 2412834 (S.D. Fla. Aug. 21, 2007) ...........................................7

In re Fleming Packaging Corp.,
    351 B.R. 626 (Bankr. C.D. Ill. 2006) ......................................................................................10

Lemery v. Duroso,
    No. 09-00167, 2009 WL 1684692 (E.D. Mo. June 16, 2009) .................................................10

Sales v. Grant,
    224 F.3d 293 (4th Cir. 2000) ....................................................................................................6

Sidney-Vinstein v. A.H. Robins Co.,
    697 F.2d 880 (9th Cir. 1983) ....................................................................................................6

T-Mobile USA, Inc., v. Wireless Exclusive USA, LLC,
    No. 08-0340, 2008 WL 2600016 (N.D. Tex. July 1, 2008) .....................................................7

Taylor v. United States,
    821 F.2d 1428 (9th Cir. 1987) ..........................................................................................10, 12

Tome Engenharla E Transportes, Ltd. v. Malki,
    No. 94-7427, 1996 WL 172286 (N.D. Ill. Apr. 11, 1996) ......................................................10

United States v. Quadrini,
    No. 2:07-cv-13227, 2007 WL 4303213 (E.D. Mich. Dec. 6, 2007) .........................................7

Waste Mgmt. Holdings, Inc. v. Gilmore,
    252 F.3d 316 (4th Cir. 2001) ....................................................................................................6

Zivkovic v. S. Ca. Edison Co.,
    302 F.3d 1080, 1088 (9th Cir. 2002) ......................................................................................10

**STATE CASES**

Ford Motor Co. v. Benitez,
    273 Va. 242, 639 S.E.2d 203 (2007) .....................................................................................6-7

**RULES/STATUTES**

Fed. R. Civ. P. 8 ............................................................................................................................6-7

Fed. R. Civ. P. 12 ....................................................................................................................passim

Va. Code § 8.01-271.1 ......................................................................................................................8

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff McGuireWoods LLP ("McGuireWoods") respectfully moves this Court to strike 48 of the 53 affirmative defenses asserted by Defendant Great Northern Insurance Company ("Great Northern") in its Answer to Complaint ("Answer") on the grounds that they are insufficient, redundant, and/or immaterial. The 48 affirmative defenses at issue are comprised of bare bones legal conclusions and are devoid of factual allegations. Thus, they do not meet the pleading requirements for such defenses and they fail to provide McGuireWoods with fair notice of the defenses asserted against it. Additionally, many of Great Northern's "defenses" are not actually affirmative defenses to McGuireWoods' claims, but simply repeat Great Northern's denials of McGuireWoods' allegations from earlier in its Answer, or seek to limit McGuireWoods' recovery. Striking these "defenses" will not only ensure that McGuireWoods is provided with the requisite fair notice, but it will streamline this case to those issues legitimately in dispute.

## FACTUAL BACKGROUND

This is an insurance coverage action in which McGuireWoods asserts that Great Northern had a duty to defend it, several of its partners, and an employee in three underlying defamation and malicious prosecution lawsuits filed against them by Christopher Spencer. (Compl. ¶¶ 32-40.) The Complaint sets forth a single count—breach of contract—and details the factual and legal basis for this claim. (Compl. ¶¶ 5-31.)

In its Answer, Great Northern asserts 53 separate "defenses," 48[1] of which are not proper affirmative defenses because they contain no factual allegations and should be struck because they are insufficient, redundant, and/or immaterial as a matter of law. Most of these "defenses"

---

[1] The Affirmative Defenses in the Answer to Complaint are numbered ¶¶ 41 to 93. McGuireWoods is seeking to strike all of them except ¶¶ 46, 47, 76, 77, and 78, which do include a minimal factual allegation in support.

1

are completely generic and many use the terms "Plaintiff" and "Defendant" without referring to the parties by name. Others merely cite a random insurance policy provision or section with the blanket assertion that it precludes coverage for McGuireWoods with no further factual explanation.

Categorizing and summarizing 48 separate affirmative defenses is challenging, but an examination of the "defenses" Great Northern invoked reveals that they fit into a few categories, each containing largely repetitive language. Each of these categories of "defenses" described below should be stricken from the Answer pursuant to Rule 12(f) on the grounds that they are: (1) insufficient, meaning without facts alleged to support it; (2) redundant, meaning they repeat another "defense;" and/or (3) immaterial, meaning they assert grounds of defense unrelated to the Complaint.

The first such category of "defenses" claims that the Complaint is barred by some specific legal doctrine. For example, five of the "defenses" merely state in turn that the Complaint is barred by the doctrines of: statute of limitations (Answer ¶ 51); inequitable conduct (id. at ¶ 55); estoppel (id. at ¶ 56); laches (id. at ¶ 57); and waiver (id. at ¶ 58). However, because Great Northern alleges no facts to support any of these "defenses," they should be stricken as insufficient under Rule 12(f).

In another group of "defenses," Great Northern merely identifies a policy term and then makes a blanket statement that that term provides no basis for coverage. For example, such terms so relied upon in the Answer, many of them in redundant, multiple paragraphs, include: "offense" (id. at ¶ 41); "policy period" (id. at ¶ 42); "property damage" (id. at ¶¶ 43, 74, 75); "bodily injury" (id. at ¶¶ 43, 74, 75); "personal injury" (id. at ¶¶ 43, 74); "advertising injury" (id. at ¶¶ 43, 74, 75); "timely notice" (id. at ¶ 44); "legal or professional services" (id. at ¶¶ 45, 82);

"exclusion" (id. at ¶¶ 45, 68, 89); "known-loss" (id. at ¶ 69); "loss in progress" (id. at ¶ 69); "material omission" (id. at ¶ 70); "material misrepresentations" (id. at ¶ 70); "occurrence" (id. at ¶¶ 74, 75); "insureds or affiliates" (id. at ¶ 81); "expected or intended injury" (id. at ¶ 83); "prior offenses" (id. at ¶ 84); and "publications with knowledge of falsity" (id. at ¶ 85). A typical such "defense" is found in paragraph 75, which reads, "The Underlying Complaints do not contain any allegations involving Bodily Injury or Property Damage caused by an Occurrence or Advertising Injury as defined in Great Norther [sic] policies." (Id. at ¶ 75.)  Great Northern provides no facts or arguments to explain how these terms operate to preclude coverage in this matter. This category of "defenses" should be stricken as insufficient under Rule 12(f).

Another group of "defenses" does not refer to a policy term or any other factual element relevant to this lawsuit, but just finds new ways to phrase a general denial that Great Northern is liable to McGuireWoods. For example, the Answer contains the following "defenses" that do nothing more than rephrase a general denial of liability:

"[plaintiff's] claims . . . fail to state a claim on which relief can be granted" (id. at ¶ 48);

"defendant denies generally the claims" (id. at ¶ 49);

"plaintiff is not entitled to maintain a cause of action" (id. at ¶ 50);

"defendant is not indebted as alleged" (id. at ¶ 53);

"defendant never promised as alleged" (id. at ¶ 54);

"defendant breached no contractual obligation or duty" (id. at ¶ 59);

"conditions precedent to contractual rights of plaintiff . . . have not been satisfied" (id. at ¶ 60);

"conditions precedent to defendant's alleged contractual obligations have not occurred" (id. at ¶ 61);

"plaintiff failed to meet the conditions to coverage" (id. at ¶ 62);

"plaintiff is not entitled to a defense" (id. at ¶ 64);

"the allegations . . . establish that Great Northern has not wrongfully denied coverage" (id. at ¶ 71);

"Complaint fails to establish that Great Northern owed a contractual duty" (id. at ¶ 72);

"the [underlying] allegations  . . . are not covered . . . as alleged" (id. at ¶ 73);

"no coverage exists for defense" (id. at ¶ 80);

"Great Northern owed no contractual obligation or duty . . . to defend or indemnify" (id. at ¶ 87).

A typical such "defense" is found in paragraph 53, which reads, "The Defendant is not indebted as alleged." (Id. at ¶ 53.)  Great Northern provides no facts or arguments in support of this generic denial of liability.  This category of "defenses" should be struck as insufficient and redundant under Rule 12(f).

Another set of "defenses" purports to give Great Northern the right to assert additional defenses in the future.  In 8 separate "defenses," using only slightly varying language, Great Northern reiterates its claim that it does not waive any other defenses and has a right to supplement its defenses in the future.  For example, the Answer contains the following "defenses" which state that Great Northern:

"gives notice that it intends to rely on such other defenses" (id. at ¶ 65);

"reserves the right to rely upon all defenses" (id. at ¶ 66);

"reserves the right to supplement" (id. at ¶ 67);

"intends to rely on such other defenses" (id. at ¶ 88);

"does not waive" (id. at ¶ 90);

"does not waive any right or defense" (id. at ¶ 91);

"reserves the right to rely upon all defenses" (id. at ¶ 92);

4

"reserves the right to supplement" (id. at ¶ 93).

While this group of "defenses" largely repeats the same words with very minor changes, Great Northern repeated paragraph 66 verbatim in paragraph 92. Great Northern provides no facts or arguments in support of these "defenses." This category of "defenses" should be stricken as both insufficient and redundant under Rule 12(f).

Two other "defenses" assert that McGuireWoods is not entitled to indemnity and injunctive relief, forms of relief that McGuireWoods does not even seek. (Id. at ¶¶ 63, 79.) Great Northern's inclusion of these "defenses" shows that it filed a form answer without regard to the relief sought in the Complaint. Even if they were relevant to this dispute, once again no facts or arguments were alleged in support. This category of "defenses" should be stricken as both insufficient and immaterial under Rule 12(f).

One final "defense" asserts that McGuireWoods has failed to mitigate its damages, but Great Northern does not provide any facts or argument in support. (Id. at ¶ 52). This "defense" should be struck as insufficient under Rule 12(f).

As outlined below, all of these "defenses" should be stricken because they fail to include requisite facts and arguments in support. In addition, most of them should be stricken on additional grounds because they are not proper affirmative defenses in that they improperly seek to negate or deny a portion of McGuireWoods' prima facie case.

## ARGUMENT

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f). While Rule 12(f) motions are disfavored when they strike a portion of a pleading or are used as a dilatory tactic, "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid

5

defense to the action can and should be deleted." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, at 665 (2d ed.1990)).  Further, "the function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that will arise from litigating spurious issues." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

### I.     Great Northern Fails to Adequately Allege 48 of its 53 Affirmative Defenses.

"An affirmative defense is the defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true." Emergency One, Inc. v. Am. Fire Eagle Engine Co., Inc., 332 F.3d 264, 277 (4th Cir. 2003) (internal quotations omitted) (emphasis added).  The burden of properly pleading an affirmative defense rests with the defendant. Sales v. Grant, 224 F.3d 293 (4th Cir. 2000) (citing Crawford-El v. Britton, 523 U.S. 574, 586-87 (1998)).   The pleading requirements for affirmative defenses are governed by Rule 8 of the Federal Rules of Civil Procedure. Bryant Real Estate, Inc. v. Toll Bros., 106 F. App'x 182 (4th Cir. 2004).

The Supreme Court recently clarified the pleading requirements of Rule 8.  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007), the Supreme Court held that fulfilling the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of [the] elements."  Under the Twombly standard, "a wholly conclusory statement," id. at 561, is insufficient; instead, there must be "enough factual matter" so as to "possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 545; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Subsequently, in Iqbal, the Supreme Court made clear that the Twombly decision was based on its interpretation and application of

6

Rule 8 of the Federal Rules of Civil Procedure, which governs the pleading standard in all civil actions. Iqbal, 129 S. Ct. at 1953.

A number of U.S. district courts have examined whether the Twombly and Iqbal standard applies to affirmative defenses, and a majority have held that it does. Hayne v. Green Ford Sales, 263 F.R.D. 647, 649-50 (D. Kan. 2009); see also, T-Mobile USA, Inc., v. Wireless Exclusive USA, LLC, No. 08-0340, 2008 WL 2600016, at *2 (N.D. Tex. July 1, 2008 (striking affirmative defenses); Home Mgmt. Solutions, Inc. v. Prescient, Inc., No. 07-20608, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007) (determining affirmative defenses must be more than "barebone conclusory recitations"); United States v. Quadrini, No. 2:07-cv-13227, 2007 WL 4303213, at *4 (E.D. Mich. Dec. 6, 2007) (finding that a heightened pleading standard applies to affirmative defenses for Rule 12(f) determinations). As one district court explained, "bare statements reciting mere legal conclusions do not provide plaintiff with fair notice of the defense being asserted." CTF Dev., Inc., v. Penta Hospitality, LLC, No. 09-02429, 2009 WL 3517617, at * 7 (N.D. Cal. Oct. 26, 2009). "Under the Iqbal standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense, and not on the plaintiff to gamble on interpreting an insufficient defense in the manner defendant intended." Id. at *8. Where a defendant's affirmative defenses contain no factual allegations, they are appropriately stricken from an answer under Rule 12(f). Id.

A Federal standard, that defensive pleadings must be grounded in factual support, is the same standard now recognized in Virginia state court proceedings. In Ford Motor Co. v. Benitez, 273 Va. 242, 250-51, 639 S.E.2d 203, 207 (2007), the Supreme Court of Virginia held that defensive pleadings must be well grounded in fact based on the attorney's knowledge,

7

information, and belief formed after a reasonable inquiry.  See also, the "well grounded in fact" requirement of Va. Code § 8.01-271.1.

With the exception of the affirmative defenses contained in paragraphs 46, 47, 76, 77, and 78 of the Answer, all of Great Northern's "defenses" are comprised of brief legal conclusions entirely devoid of any factual allegations.  (Answer ¶¶ 41-45, 48-75, 79-93.)  Great Northern fails to make a single factual allegation in support of these "defenses."  It does not even identify a broad category of behavior that McGuireWoods allegedly engaged in to give rise to these "defenses."  These "defenses" are no more than bare statements reciting legal conclusions that do not provide McGuireWoods with fair notice of the defense being asserted.  As such, they are in direct violation of the Twombly and Iqbal pleading standards.  McGuireWoods is therefore provided with no notice of the basis for these affirmative "defenses" and can only speculate as to what facts, if any, may support them.  Without even the most basic factual allegations to rely on, McGuireWoods has no means of assessing the "defenses" asserted against it and is instead left to speculate as to Great Northern's intended defenses.

The rationale for the Twombly and Iqbal pleading standards is well illustrated by Great Northern's three "defenses" based on the policy definition of "property damage."  (Id. at ¶¶ 43, 74, 75.)  If the applicable policy definition of "property damage" actually operates to preclude coverage in this matter, as Great Northern asserts in these three "defenses," it should allege at least one fact to support this position.  A review of the Complaint and the Policy shows that this case has nothing to do with "property damage," defined in the Policy as "physical injury to tangible property."  Spencer sued McGuireWoods and its partners for defamation and malicious prosecution, and defamation and malicious prosecution are explicitly included in the Policy's definition of "personal injury."  Yet Great Northern has invoked "property damage" three times

8

as one of many generic, boilerplate "defenses." By including this "defense" without a single fact in support, Great Northern forces McGuireWoods to choose between ignoring what appears to be baseless "defense" or wasting limited resources to address the issue.

Moreover, striking the other 48 affirmative "defenses" is particularly appropriate in the Eastern District of Virginia where litigation proceeds at an accelerated and limited pace with a focus on the core disputes between the parties. This District's approach to litigation cannot work well if parties are allowed to include matters in their pleadings for which they have no factual support, which serves to hinder the other side's investigation of the central issues actually in dispute.

It is particularly appropriate to strike these affirmative "defenses" in Great Northern's Answer because doing so does not strike a central element of Great Northern's defense, which is the primary rationale courts invoke to disfavor Rule 12(f) motions. Great Northern is still free to pursue the 5 affirmative defenses that are central to its defense namely the endorsements for which it alleges facts and argument in support. (Id. at ¶¶ 46, 47, 76-78.)

Because the 48 "defenses" cited above include no facts or arguments in support, they are in violation of the Twombly and Iqbal pleading standards, and should be stricken by this Court.

## II. In Addition, Some of Great Northern's "Defenses" Should Also be Stricken with Prejudice Because They are not Proper Affirmative Defenses.

In addition to failing to meet the Twombly and Iqbal pleading standards, a number of the "defenses" in the Answer should also be stricken under Rule 12(f) because they are not proper affirmative defenses and are insufficient, redundant, and/or immaterial.

"An affirmative defense is the defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true." Emergency One, Inc. v. Am. Fire Eagle Engine Co., Inc., 332 F.3d 264, 271 (4th Cir. 2003)

(internal quotations omitted).  By contrast, labeling as affirmative defenses contentions that only attack the sufficiency of plaintiffs' proof or allegations is improper.  Fed. Trade Comm'n v. Think All Publ'g, LLC, 564 F. Supp. 2d 663, 656-66 (E.D. Tex. 2008) (striking such a defense); In re Fleming Packaging Corp., 351 B.R. 626, 638 (Bankr. C.D. Ill. 2006) (same); Gaudiello v. Allied-Signal, Inc., No. 90-20097, 1990 WL 304271, at *1 (N.D. Ill. Nov. 15, 1990) (same).  Such "negative defenses" should likewise be stricken here as improper.

Defenses that merely negate an element of plaintiffs' proof are not affirmative defenses because they merely controvert an element of plaintiffs' prima facie case.  Zivkovic v. S. Ca. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002).  When defendants have elsewhere in their answer denied allegations, allowing those "negative defenses" to be asserted again by affirmative defense would be redundant under Rule 12(f).  Fed. Trade Comm'n, 564 F. Supp. at 665; see also E&J Gallo Winery v. Encana Energy Servs., Inc., No. 03-5412, 2008 WL 2489887, at *5 (E.D. Cal. June 18, 2008) (striking such defenses); Gilbert v. Eli Lilly & Co., 56 F.R.D. 116, 125 (D. P.R. 1972) (same).  Likewise, a statement that plaintiff's complaint fails to state a claim upon which relief can be granted is not an affirmative defense because it merely asserts a defect in plaintiff's prima facie case.  Lemery v. Duroso, No. 09-00167, 2009 WL 1684692, at *3 (E.D. Mo. June 16, 2009) (striking identical defense); Tome Engenharla E Transportes, Ltd. v. Malki, No. 94-7427, 1996 WL 172286, at *10 (N.D. Ill. Apr. 11, 1996) (same).  Finally, contentions that limit damages are limitations, not affirmative defenses, and are not properly pled as such. Taylor v. United States, 821 F.2d 1428, 1433 (9th Cir. 1987).

Although it is difficult to assess the nature of many of Great Northern's affirmative "defenses" due to the lack of detail and supporting allegations, it appears that many of them are offered to simply negate an element of McGuireWoods' prima facie case.  As detailed above,

many of these "defenses" reference only a policy term or condition and include a blanket statement that it provides no basis for coverage. (Answer ¶¶ 41-45, 68-70, 74, 75, 81-86, 89.) These "defenses" should be stricken as insufficient under Rule 12(f). Other "defenses" neither rely on a policy term nor allege any other factual element relevant to this lawsuit, but just find new ways to phrase a general denial that Great Northern is liable to McGuireWoods. (Id. at ¶¶ 48-50, 53, 54, 59-62, 64, 71-73, 80, 87). These "defenses" should be stricken as insufficient and redundant under Rule 12(f).

These "defenses" are merely denials that Great Northern had a duty to defend McGuireWoods in the underlying lawsuits filed by Christopher Spencer. Great Northern has already denied these allegations in the Complaint. (Id. at ¶¶ 36-40.) Because these "defenses" merely repeat Great Northern's prior denials, they simply add clutter to the case and should be stricken as insufficient and redundant under Rule 12(f).

Another set of "defenses" purport to give Great Northern the right to assert additional defenses in the future. (Id. at ¶¶ 65-67, 88, 90-93.) These "defenses," which state that Great Northern does not waive any other defenses and has a right to supplement its defenses in the future, are improper because they do not raise new facts or arguments that, if true, would defeat McGuireWoods' claim. The right to assert an additional defense later in the litigation is not created or preserved by any language that Great Northern might include in its Answer, but instead is subject to the provisions of Rule 8 and involves an inquiry of whether there would be unfair surprise or prejudice to McGuireWoods if the defense was allowed after initial pleadings. See Brinkley v. Harbour Recreation Club, 180 F.3d 598, 612 (4th Cir. 1999). The assertion of these "rights" is meaningless, and the "defenses" asserting them are not proper affirmative defenses and should be stricken as insufficient and redundant under Rule 12(f).

11

Two other "defenses" are nonsense in the context of the Complaint because they assert that McGuireWoods is not entitled to indemnity and injunctive relief, forms of relief that McGuireWoods does not even seek. (Answer ¶¶ 63, 79.) The inclusion of these "defenses" suggests that Great Northern has filed a mainly form answer with little regard to the specific facts underlying this Complaint. As such, they are not proper affirmative defenses and should be stricken as insufficient and immaterial under Rule 12(f).

One final "defense" asserts that McGuireWoods has failed to mitigate its damages. (Id. at ¶ 52.) This is not a proper affirmative defense and should be struck as insufficient because contentions that limit damages are limitations, not affirmative defenses, and are not properly pled as such. Taylor, 821 F.2d at 1433.

## CONCLUSION

For the foregoing reasons, McGuireWoods, LLP, respectfully moves the Court to strike with prejudice the affirmative defenses for which Great Northern has provided no facts or argument in support. (Answer ¶¶ 41-45, 48-75, 79-93.) In the alternative, these defenses should be stricken without prejudice, and Defendant instructed to re-plead those defenses only if it has sufficient facts to support those claims.

McGUIREWOODS LLP

   /s/ James W. Morris, III
James W. Morris, III
Virginia State Bar No. 05740
Matthew D. Green
Virginia State Bar No. 46913
Melissa Y. York
Virginia State Bar No. 77493
Attorneys for McGuireWoods LLP
Morris & Morris, P.C.
Post Office Box 30
Richmond, Virginia  23218-0030

(804) 344-8300 Telephone  
(804) 344-8359 Facsimile  
jmorris@morrismorris.com  
mgreen@morrismorris.com  
myork@morrismorris.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 7th day of July, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send a notification of such filing (NEF) to the following:

Jeffrey R. Schmieler (VSB # 32175)
Saunders & Schmieler, P.C.
The Montgomery Center
8630 Penton Street, Suite 1202
Silver Springs, MD 20910
(301) 588-7717
(301) 588-5073 – Fax
e-mail: schmieler@sslawfirm.com
*Counsel for Defendant*

            /s/ James W. Morris, III
            James W. Morris, III
            Virginia State Bar No. 05740
            Matthew D. Green
            Virginia State Bar No. 46913
            Melissa Y. York
            Virginia State Bar No. 77493
            Attorneys for McGuireWoods LLP
            Morris & Morris, P.C.
            Post Office Box 30
            Richmond, Virginia  23218-0030
            (804) 344-8300 Telephone
            (804) 344-8359 Facsimile
            jmorris@morrismorris.com
            mgreen@morrismorris.com
            myork@morrismorris.com