**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **McGUIREWOODS LLP,** | * |
| Plaintiff, | * |
| v. | *   **Civil Action No: 3:10cv354** |
| **GREAT NORTHERN INSURANCE COMPANY,** | * |
| | * |
| Defendant, | * |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S AFFIRMATIVE DEFENSES**

**COMES NOW** the Defendant, **GREAT NORTHERN INSURANCE COMPANY**, by and through its attorneys, **JEFFREY R. SCHMIELER, ALAN B. NEURICK, LISA N. WALTERS, and SAUNDERS & SCHMIELER, P.C.,** and in accordance with the Federal and Local Civil Rules of Procedure, files this Defendant's Response in Opposition to Plaintiff's Motion to Strike Defendant's Affirmative Defenses and in support thereof states:

Plaintiff McGuireWoods, LLP has filed a lengthy Complaint in the instant insurance coverage action seeking a duty to defend by Defendant Great Northern Insurance Company under its commercial general liability policy, policy number 3581-46-28 HOU, for the multiple underlying cases in which the Plaintiff was sued.[1]  Now, in an attempt to try to have this case decided by procedural technicalities rather than on the merits, the Plaintiff is attempting at the front end of the litigation to stymie the ability of the Defendant to assert its defenses.

---

[1]  The Complaint in this matter with its eight (8) incorporated exhibits is three hundred seventy-nine (379) pages long.  The Answer and its two (2) incorporated exhibits is thirty-three (33) pages long.

In its brief, the Plaintiff takes great effort to try to argue that the Defendant's Answer and the defenses raised therein are somehow deficient for a variety of reasons. For example, the Plaintiff takes umbrage with the Defendant's raised defenses because it views them as being "completely generic" and because "many [of the raised defenses] use the terms 'Plaintiff' and 'Defendant' without referring to the parties by name." Brief at 2. The Plaintiff also tries to categorize the Defendant's Answer as not placing the Plaintiff on sufficient notice as to the provisions in the policy that the Defendant will be invoking in its defense; that this is because "Other[] [raised defenses] merely cite a random insurance policy provision or section." *Id.* The Plaintiff further asserts that when such an insurance policy provision or section is raised, there is not enough of a factual explanation for the Plaintiff to be placed on notice of the defense. In addition, the Plaintiff challenges what it feels to be too much "repetitive language" in the Answer. *Id.*

However, nowhere in the Federal Rules of Civil Procedure nor the Local Rules for this Court is it required that a Defendant must use a party's proper name rather than a party's moniker such as "plaintiff" or defendant." Furthermore, the Plaintiff knows from the Answer what the Defendant's defenses are under the policy's terms and provisions. It is not believable that the Plaintiff -- a law firm represented by another law firm -- has not been placed on sufficient notice by the Answer of the Defendant's defenses under the Great Northern policy.[2]

It is likewise unbelievable that the Plaintiff would take the position that it is not aware of the Defendant's defenses when, as is evidenced by the exhibits attached to and incorporated into the Answer, most if not all of the applicable terms and provisions of the policy have been previously

---

[2] The Plaintiff is of course also entitled to perform discovery and, in fact, has just served written discovery upon the Defendant; the Plaintiff has certainly not been deterred because of this alleged issue.

2

provided and explained to the Plaintiff -- the exhibits are declination of coverage letters addressed to the Plaintiff before this suit was even filed. Now, these exhibits have been attached and incorporated into the Defendant's Answer. Rather than being procedurally deficient, the Defendant has in fact gone beyond the minimum standard of placing the Plaintiff on notice of the policy's terms and provisions that it is raising for its defense.

Another surprising example of the extent the Plaintiff has gone to attempt to procedurally handicap the Defendant is in the various positions taken for the mitigation of damages defense. *Compare* Brief at 5 *with* 12. The Plaintiff first alleges that the Defendant does not provide any facts or arguments whatsoever in support of this defense, and that, as a result, the Plaintiff allegedly has no idea of what the issue is. Brief at 5. Later in its Brief, the Plaintiff alleges that this defense should be completely stricken with prejudice because it is more of a "limitation" rather than a defense. Brief at 12. While it is inappropriate and unfair to the Defendant to be asked to try the case now in response to what is essentially a *pro forma* challenge, it should be acknowledged that there is no question that there is a substantial failure to mitigate damages[3] raised by this case and also that both the Plaintiff and its Counsel are well aware of it.

A plain reading of the Complaint itself, its allegations and the exhibits incorporated into it, reveals that there were multiple law firms with multiple lawyers doing the same work, exponentially multiplying the claimed damages. Nevertheless, the Plaintiff attempts to summarily defeat this issue by, on the one hand, feigning ignorance of it and, on the other hand, trying to somehow re-categorize it out of the Answer.

---

[3] The Defendant believes that there is no duty to defend owed to the Plaintiff under the terms and provisions of the at issue policy, and that this issue should be decided by the Court through summary judgment. Should the Court agree that no duty to defend was owed , then there will be no need to consider damages including the Plaintiff's failure to mitigate.

As for the Plaintiff's other assertion that the Answer is too repetitive or verbose, that quality will not make the Defendant's Answer deficient nor warrant the extreme relief requested by the Plaintiff. Just as a complaint that is lengthy or verbose should not be dismissed under Rule 8 as long as it is not impenetrable and gives notice of the claims for relief, so should a lengthy and verbose answer that sufficiently places the Plaintiff on notice of the defenses not be stricken. *See Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001) (so long as the Complaint provides notice of claims, district court may not dismiss complaint merely because it contains superfluous and irrelevant material); *Bennett v. Schmidt*, 153 F.3d 516, 517018 (7th Cir. 1998) (though many allegations of Complaint were unnecessary, it provided notice of the claims and was adequate under Rule 8(a)).

Another grievance of the Plaintiff is that the Defendant's Answer goes beyond what is required by the Rules in specifying and informing of the defenses that the Defendant intends to raise to the allegations in the Complaint. The Plaintiff also does not like the reservation type language (*e.g.,* "reserves the right to supplement") used in the Answer and requests that the Court intervene and strike this language with prejudice. However, it is not improper or unlawful for a defendant to assert such further or additional defenses.[4] This Defendant may indeed raise further defenses without prejudice and without shifting the burden of proof.[5] Furthermore, under Rule 8(d)(3), a

---

[4] By comparative example, the failure of a defendant to plead a particular matter does not preclude the defendant from raising the matter, if it does not constitute an affirmative defense under Rule 8 and federal law. *See Zivkovic v. Southern Calif. Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002) (defense of accommodation of disability was not waived when not pleaded in answer, because defense shows that plaintiff has not met its burden of proof to recover on ADA claim, and is not affirmative defense to liability).

[5] The case law is also clear that even if an affirmative defense is unknown or unavailable to a defendant at the time of the initial Answer, the failure to assert the defense is not a waiver, and the court should permit amendment of the answer to assert the defense. *See Panaro v.*

pleader may permissibly set forth completely inconsistent defenses.[6]  *See Smith v. Cashland, Inc.*, 193 F.3d 1158, 1161 (10th Cir. 1999).

Defense counsel are experienced insurance coverage litigators in federal forums who do not recall an Answer being so challenged.  A true reading of the Answer reveals that it is anything but "generic" or a simple general denial to the Plaintiff's Complaint but instead includes facts and incorporates Exhibits with more facts.  A fair reading of the Answer is that each paragraph and allegation of the Plaintiff's Complaint is responded to, carefully and *ad seriatim,* with both admissions and denials to the allegations.  Furthermore, the exhibits that are attached also respond to certain allegations.

What is improper is the Plaintiff filing such a motion to strike.  What the Plaintiff is trying to accomplish in a summary manner is to try to use procedure to prevail over substance – even when the procedure is proper and the substance is real.  Consider the mandate of Rule 8(e): That all pleadings are construed to do justice, this is the heart of the pleading rules.  *See* 2 MOORE'S FEDERAL PRACTICE, § 8.10 (Matthew Bender 3d ed.).  Rule 8(e) requires decisions to be made on the merits of the claims and defenses, and not on the technicalities of pleading.  The relief sought by the Plaintiff is also overly extreme.  *See, e.g., Magluta v. Samples*, 256 F.3d 1282, 1284-85 (11th Cir. 2001) (proper remedy for "shotgun" Complaint that fails to comply with Rule 8 and Rule 10 is to order plaintiff to replead claims in compliance with rules).

---

*City of Las Vegas*, 432 F.3d 708, 712-13 (9th Cir. 2001) (when intervening decision of Supreme Court clarified requirement of exhaustion of remedies after defendant filed Answer, court properly granted leave to amend Answer to assert defense, because defense was not reasonably available when Answer filed).

[6]  In addition to permitting completely inconsistent defenses, Fed. R. Civ. 8(d)(3) also allows a pleader to set forth completely inconsistent claims or legal theories.

5

While it is not necessarily surprising that the Answer may not be to the Plaintiff's liking because it makes clear that liability is strongly in dispute, or because it sets forth the applicable terms and provisions of the policy that the Defendant intends to use in its defense (either in the contents of the Answer itself or by incorporation of the Exhibits), or because the Answer is sufficiently detailed and raises the applicable defenses both required by the Rules and further defenses pertaining to the contract at issue, or perhaps because it uses terms like "plaintiff" and "defendant" and is too lengthy or verbose for the Plaintiff's preference, that does not make the Answer deficient nor does it warrant the extreme relief sought.  The Answer should stand.

WHEREFORE, for the foregoing reasons, the Defendant respectfully requests that the Plaintiff's Motion to Strike the Defendant's Affirmative Defenses be DENIED.

                Respectfully submitted,

                /s/ Lisa N. Walters
                Jeffrey R. Schmieler
                Virginia State Bar No. 32175
                Alan B. Neurick (*Pro Hac Vice*)
                Lisa N. Walters
                Virginia State Bar No. 72291
                SAUNDERS & SCHMIELER, P.C.
                The Montgomery Center
                8630 Fenton Street, Suite 1202
                Silver Spring, Maryland 20910
                Email: schmielerj@sslawfirm.com
                Email: neuricka@sslawfirm.com
                Email: waltersl@sslawfirm.com
                Telephone: (301) 588-7717
                Facsimile: (301) 588-5073
                ***Attorneys for Defendant***
                ***Great Northern Insurance Company***

# **TABLE OF AUTHORITIES**

**CASES**

*Bennett v. Schmidt*, 153 F.3d 516, 517018 (7th Cir. 1998)

*Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)

*Magluta v. Samples*, 256 F.3d 1282, 1284-85 (11th Cir. 2001)

*Panaro v. City of Las Vegas*, 432 F.3d 708, 712-13 (9th Cir. 2001)

*Smith v. Cashland, Inc.*, 193 F.3d 1158, 1161 (10th Cir. 1999)

*Zivkovic v. Southern Calif. Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002)


**RULES/STATUTES**

Fed. R. Civ. 8

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 22nd day of July, 2010, I electronically filed the foregoing Defendant's Response in Opposition to Plaintiff's Motion to Strike Defendant's Affirmative Defenses with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing (NEF) to the following:

James W. Morris, III, Esquire
Matthew D. Green, Esquire
Melissa Y. York, Esquire
***Morris & Morris, P.C.***
700 East Main Street
Post Office Box 30
Richmond, VA 23218-0030
**Counsel for Plaintiff**

    /s/ Lisa N. Walters
Jeffrey R. Schmieler
Virginia State Bar No. 32175
Alan B. Neurick (*Pro Hac Vice*)
Lisa N. Walters
Virginia State Bar No. 72291
***Saunders & Schmieler, P.C.***
The Montgomery Center
8630 Fenton Street, Suite 1202
Silver Spring, Maryland 20910
Email: schmielerj@sslawfirm.com
Email: neuricka@sslawfirm.com
Email: waltersl@sslawfirm.com
Telephone: (301) 588-7717
Facsimile: (301) 588-5073
***Attorneys for Defendant***
***Great Northern Insurance Company***