IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

McGUIREWOODS LLP,

       Plaintiff,

v.                                          Civil Action No. 3:10cv354

GREAT NORTHERN INSURANCE COMPANY,

       Defendant.

## PLAINTIFF McGUIREWOODS LLP'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

James W. Morris, III (VSB No. 05740)
Matthew D. Green (VSB No. 46913)
Melissa Y. York (VSB No. 77493)
Morris & Morris, P.C.
P.O. Box 30
Richmond, VA  23218
(804) 344-8300 Telephone
(804) 344-8359 Facsimile

*Counsel for Plaintiff McGuireWoods LLP*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ..................................................................................................................1

ARGUMENT ..........................................................................................................................1

    I.       Great Northern's Brief Was Not Timely Filed .........................................................1

    II.      Great Northern Cannot Show that Its Affirmative Defenses Meet the
              Twombly/Iqbal Standard ..........................................................................................2

CONCLUSION ......................................................................................................................4

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

Ashcroft v. Iqbal,
　　129 S. Ct. 1937 (2009) ..............................................................................................passim

Bell Atl. Corp. v. Twombly,
　　550 U.S. 544 (2007) ..................................................................................................passim

CTF Dev., Inc., v. Penta Hospitality, LLC,
　　No. 09-02429, 2009 WL 3517617 (N.D. Cal. Oct. 26, 2009) ............................................ 3

Key v. Robertson,
　　626 F. Supp. 2d 566 (E.D. Va. 2009) ........................................................................... 1-2


**RULES/STATUTES**

Fed. R. Civ. P. 5 .............................................................................................................................. 1

Fed. R. Civ. P. 6 .............................................................................................................................. 1

Fed. R. Civ. P. 8 ..................................................................................................................... passim

Fed. R. Civ. P. 12 ............................................................................................................................ 4

E.D. Va. Local Civ. R. 7 ................................................................................................................ 1

**INTRODUCTION**

As McGuireWoods' Motion to Strike Defendant's Affirmative Defenses demonstrated, the United States Supreme Court fundamentally changed the pleading standard under Rule 8 with Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  In its brief, Great Northern fails to acknowledge the new pleading standard that all parties must meet, and as a result, it cannot prove that its affirmative defenses satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure.

**ARGUMENT**

I.    **Great Northern's Brief Was Not Timely Filed.**

This Court should strike Great Northern's Response in Opposition to Plaintiff's Motion to Strike Defendant's Affirmative Defenses ("Response") because it was not timely filed.  In the Eastern District of Virginia, a party must file a responsive brief within eleven (11) days after service.  E.D. Va. Local Civ. R. 7(F)(1).  Three days are added for service by electronic means.  See Fed. R. Civ. P. 6(d) (citing Fed. R. Civ. P. 5(b)(2)(E)).  When a party files a responsive brief after the time period has expired, the Court should strike the brief from the record.  See Key v. Robertson, 626 F. Supp. 2d 566, 577-78 (E.D. Va. 2009).

Here, the Motion to Strike Defendant's Affirmative Defenses and corresponding Memorandum in Support (collectively "Motion") were filed via the electronic filing system on July 7, 2010.  Allowing eleven days for a response, plus three days for service, Great Northern's response should have been filed on July 21, 2010.  Great Northern, however, filed its brief on July 22, 2010.  Great Northern neither requested nor received leave to file an untimely brief.  See id. at 576 (noting that the court disfavors requests for extension, especially when such a motion

is not itself timely filed).  Consequently, McGuireWoods requests that this Court strike Great Northern's Response from the record in this case.

### II. Great Northern Cannot Show That Its Affirmative Defenses Meet the *Twombly/Iqbal* Standard.

In its Response, Great Northern does not refute McGuireWoods' reliance on the Twombly/Iqbal standard, and it does not refute that this Court should apply that standard to Great Northern's affirmative defenses.  Great Northern does not dispute that the majority of district courts that have confronted the issue have held that the Twombly/Iqbal standard applies to affirmative defenses.  In fact, Great Northern neither cites the Twombly/Iqbal standard nor applies this heightened pleading standard to its affirmative defenses, instead relying on cases and reasoning that pre-date the current standard and providing little, if any, analytical support.  Further, Great Northern does not cite any cases from either the Eastern District of Virginia or the Fourth Circuit, and consequently none of the decisions Great Northern cited bind this Court in any way.  Without authority or reasoning to mitigate the arguments in McGuireWoods' Motion, Great Northern's arguments must fail.

Great Northern asserts in its Response that it "has in fact gone beyond the minimum standard of placing the Plaintiff on notice of the policy's terms and provisions that it is raising for its defense."  (Resp. at 3.)  Great Northern, however, cites no specific examples of which terms and provisions of the policy provide factual support for any specific affirmative defense.  The Supreme Court made clear in Twombly that the notice standard of Rule 8 "requires more than labels and conclusions."  Twombly, 550 U.S. at 555.  Great Northern cites no post-Twombly authority supporting its claim that bare-bones statements of law, like those at issue here, are sufficient to meet the requirements of Rule 8.  (See Mot. at 8-9 (identifying affirmative

2

defenses that state legal conclusions).)  Without sufficient factual support, McGuireWoods lacks proper notice of the nature of each affirmative defense.

Great Northern argues that McGuireWoods "knows from the Answer" the factual support for each defense, emphasizing that McGuireWoods is a law firm.  (Resp. at 2.)  This argument ignores the purpose of proper pleading.  The facts that support certain defenses do not become self-illuminating simply because of the legal experience of McGuireWoods' attorneys.  No matter how sophisticated the parties are, McGuireWoods cannot be expected to guess what Great Northern's factual support might be for its "property damage" defenses, for example.  (See Mot. at 8.)  The fact that McGuireWoods needs to dig through pleadings and the insurance policy to discover any support indicates that McGuireWoods is not on notice of what support exists for Great Northern's legal conclusions.  See, e.g., CTF Dev., Inc. v. Penta Hospitality, LLC, No. 09-02429, 2009 WL 3517617, at *8 (N.D. Cal. Oct. 26, 2009) ("[T]he burden is . . . not on the plaintiff to gamble on interpreting an insufficient defense in the manner defendant intended.").

Great Northern contends that a critical issue in this case is McGuireWoods' failure to mitigate damages.  In support of its pleading of the mitigation defense, Great Northern simply notes that "both the Plaintiff and its Counsel are well aware of it."  (Resp. at 3.)  Again, this ignores the purpose of the Twombly/Iqbal rule and does not give McGuireWoods proper notice of which damages McGuireWoods allegedly failed to mitigate.  McGuireWoods does not ask this Court to rule on the merits of any issue in this case.  Further, McGuireWoods does not seek to limit Great Northern's ability to raise any defenses, provided Great Northern meets the requirements of Rule 8.  McGuireWoods only requests that Great Northern plead facts that support its defenses, and not rely on its assumption that McGuireWoods and its counsel are aware of the defenses.

For its affirmative defenses related to its legal rights, like the right to amend a pleading, Great Northern cites case law supporting its right to do so. (See Resp. at 4-5.) Great Northern's argument misses the point—whether Great Northern has certain legal rights is not determined by its pleadings. For example, Great Northern's right to amend pleadings is not determined by whether Great Northern has pled that right, but rather it will be determined by this Court as the issue arises. Such legal issues have no place as an affirmative defense.

Great Northern cites its counsel's experience and Rule 8's admonition to make decisions on the merits of claims, not the technicalities of pleadings. (See Resp. at 5.) The Twombly/Iqbal standard, which only recently provided parties with these means for challenging pleadings, was clearly articulated by the Supreme Court and can hardly be seen as a "technicalit[y] of pleading." Its purpose is one of justice—namely, to prevent unnecessary claims and issues from moving forward, at great expense to the parties involved. See Iqbal, 129 S. Ct. at 1950 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). By striking the unsupported affirmative defenses, there is no prejudice to the merits of Great Northern's properly-pled defenses. (Mot. at 9.) The Supreme Court intended Twombly and Iqbal to limit the scope of discovery in exactly this way, involving only those claims and defenses that are clearly articulated in the pleadings. The proper remedy in this case is for the Court to strike these affirmative defenses. See Fed. R. Civ. P. 12(f).

## **CONCLUSION**

For the foregoing reasons, McGuireWoods, LLP, respectfully moves the Court to strike with prejudice the affirmative defenses for which Great Northern has provided no facts or argument in support. (Answer ¶¶ 41-45, 48-75, 79-93.) In the alternative, these defenses should

4

be stricken without prejudice, and Great Northern instructed to re-plead those defenses only if it has sufficient facts to support those claims.

                                McGUIREWOODS LLP

                                __/s/ James W. Morris, III_____
                                James W. Morris, III
                                Virginia State Bar No. 05740
                                Matthew D. Green
                                Virginia State Bar No. 46913
                                Melissa Y. York
                                Virginia State Bar No. 77493
                                Attorneys for McGuireWoods LLP
                                Morris & Morris, P.C.
                                Post Office Box 30
                                Richmond, Virginia  23218-0030
                                (804) 344-8300 Telephone
                                (804) 344-8359 Facsimile
                                jmorris@morrismorris.com
                                mgreen@morrismorris.com
                                myork@morrismorris.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 28th day of July, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send a notification of such filing (NEF) to the following:

Jeffrey R. Schmieler (VSB # 32175)
Alan B. Neurick (*Pro Hac Vice*)
Lisa N. Walters (VSB # 72291)
Saunders & Schmieler, P.C.
The Montgomery Center
8630 Penton Street, Suite 1202
Silver Springs, MD 20910
(301) 588-7717
(301) 588-5073 – Fax
schmielerj@sslawfirm.com
neuricka@sslawfirm.com
waltersl@sslawfirm.com
*Counsel for Defendant*

              /s/ James W. Morris, III_____
              James W. Morris, III
              Virginia State Bar No. 05740
              Matthew D. Green
              Virginia State Bar No. 46913
              Melissa Y. York
              Virginia State Bar No. 77493
              Attorneys for McGuireWoods LLP
              Morris & Morris, P.C.
              Post Office Box 30
              Richmond, Virginia 23218-0030
              (804) 344-8300 Telephone
              (804) 344-8359 Facsimile
              jmorris@morrismorris.com
              mgreen@morrismorris.com
              myork@morrismorris.com