IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

McGUIREWOODS LLP,

       Plaintiff,

v.                                        Civil Action No. 3:10cv354

GREAT NORTHERN INSURANCE COMPANY,

       Defendant.

## PLAINTIFF McGUIREWOODS LLP'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY

James W. Morris, III (VSB No. 05740)
Matthew D. Green (VSB No. 46913)
Melissa Y. York (VSB No. 77493)
Morris & Morris, P.C.
P.O. Box 30
Richmond, VA 23218
(804) 344-8300 Telephone
(804) 344-8359 Facsimile

*Counsel for Plaintiff McGuireWoods LLP*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

ARGUMENT .............................................................................................................................. 2

    I.    Great Northern's Discovery Objections are Insufficient and Should be Stricken. ......................................................................................................................... 2

        A.    Great Northern's discovery objections were not timely served. ...................... 3

        B.    Great Northern's use of general objections is insufficient. .............................. 3

        C.    Great Northern's failure to provide a privilege log constitutes waiver of the asserted privileges. .................................................................................. 4

    II.    Great Northern's Discovery Responses are Insufficient. ............................................. 5

        A.    Great Northern is obligated to provide substantive discovery responses related to its underwriting file for the Policy at issue in this litigation. ............................................................................................................. 5

        B.    Great Northern is obligated to provide substantive discovery responses related to the drafting history of the Policy at issue in this litigation. ............................................................................................................. 7

        C.    Great Northern is obligated to produce the relevant underwriting manuals and claims manuals. ............................................................................ 8

        D.    Great Northern is obligated to produce an overview of its corporate relationship with Chubb and any subsidiaries or parents thereof. ................. 9

        E.    Great Northern is obligated to produce its claim file from the underlying litigation. ........................................................................................ 9

        F.    Great Northern is obligated to provide the full identity of those individuals with relevant knowledge of facts related to this litigation and provide dates for their depositions…. .................................................. 10

CONCLUSION ........................................................................................................................ 11

# **TABLE OF AUTHORITIES**

Page(s)

**FEDERAL CASES**

ACMA USA, Inc. v. Surefil, LLC,
    No. 3:08cv071, 2008 WL 2714422 (E.D. Va. July 7, 2008)..................................................3-4

Align Tech., Inc. v. Fed. Ins. Co.,
    673 F. Supp. 2d 957 (N.D. Cal. 2009) ...........................................................................................9

Cappetta v. GC Servs. Ltd. P'ship,
    No. 3:08cv288, 2008 WL 5377934 (E.D. Va. Dec. 24, 2008)...................................................3

Chubb Integrated Sys. Ltd. v. Nat'l Bank of Wash.,
    103 F.R.D. 52 (D.D.C. 1984)..................................................................................................3-4

GBTI, Inc. v. Ins. Co. State of Pa.,
    No. 1:09cv01173, 2010 WL 2942631 (E.D. Cal. July 23, 2010)......................................... 5-6

Hawkins v. Stables,
    148 F.3d 379 (4th Cir. 1998)......................................................................................................4

In re Grand Jury Proceedings,
    102 F.3d 748 (4th Cir. 1996)......................................................................................................4

Rambus, Inc. v. Infineon Techs. AG,
    220 F.R.D. 264 (E.D. Va. 2004) ................................................................................................4

Schwarz & Schwarz of Va., LLC v. Certain Underwriters of Lloyd's, London Who Subscribed to Policy No. NC959,
    No. 6:07cv00042, 2009 WL 1043929 (W.D. Va. Apr. 17, 2009).........................................10

State Farm Fire & Cas. Co. v. Perrigan,
    102 F.R.D. 235 (W.D. Va. 1984)............................................................................................10

Taco, Inc., v. Fed. Ins. Co.,
    No. 07-27S, 2007 WL 4269810 (D.R.I. Nov. 30, 2007) .................................................. 7-8

Tiger Fibers, LLC v. Aspen Specialty Ins. Co.,
    594 F. Supp. 2d 630 (E.D. Va. 2009) ..............................................................................6, 8

**STATE CASES**

Johnson v. Ins. Co. of N. Am.,
 232 Va. 340, 350 S.E.2d 616 (1996) ....................................................................................... 7

State Farm Mut. Ins. Co. v. Gandy,
 238 Va. 258, 383 S.E.2d 717 (1989) ....................................................................................... 7

**RULES/STATUTES**

Fed. R. Civ. P. 6(d) ........................................................................................................................ 3

Fed. R. Civ. P. 26(b) ................................................................................................................... 4-5

Fed. R. Civ. P. 37(a) ...................................................................................................................... 1

Local Rule 26(C) ........................................................................................................................... 3

Va. Code § 38.2-209 .............................................................................................................. 1, 6, 8

## **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 37(a), Plaintiff McGuireWoods LLP ("McGuireWoods") respectfully moves this Court to order Defendant Great Northern Insurance Company ("Great Northern") to provide substantive interrogatory responses and produce all documents and other tangible things responsive to McGuireWoods' requests for production.

This is an insurance coverage action in which McGuireWoods asserts that Great Northern had a duty to defend it, several of its partners, and an employee in three underlying defamation lawsuits filed against them by Christopher Spencer. (Compl. ¶¶ 32-40.) The Complaint sets forth a single count—breach of contract—and details the factual and legal basis for this claim. (Compl. ¶¶ 5-31.) McGuireWoods incurred damages of approximately $3,445,517.47 based on Defendant's breach of contract. In addition, pursuant to Virginia Code section 38.2-209, McGuireWoods seeks an award of all costs, attorneys' fees, and other expenses, which McGuireWoods has incurred in the instant action based on Great Northern's failure to act in good faith in its refusal to provide McGuireWoods with a defense in the underlying lawsuits.

In order to develop its own case and to investigate the defenses Great Northern has asserted in this lawsuit, McGuireWoods propounded interrogatories and requests for production on Great Northern on July 21, 2010. (See Pl.'s First Set of Interrogs. to Def., attached as Ex. A; Pl.'s First Set of Req. for the Produc. of Docs. to Def., attached as Ex. B.) On August 9, 2010, Great Northern served its objections to these interrogatories and requests for production. (See Great Northern Ins. Co.'s Objections to McGuireWoods LLP's First Set of Interrogs., attached as Ex. C; Great Northern Ins. Co.'s Objections to McGuireWoods LLP's First Req. for the Produc. of Docs., attached as Ex. D.) On August 26, 2010, Great Northern served its answers to these interrogatories and requests for production. (See Great Northern Ins. Co.'s Objections &

Answers to McGuireWoods LLP's First Set of Interrogs., attached as Ex. E.; Great Northern Ins. Co.'s Objections and Answers to McGuireWoods LLP's First Req. for the Produc. of Docs., attached as Ex. F.)

Great Northern's objections to the discovery requests fail to comply with the rules of this Court. Great Northern's objections were not provided within the 15-day period required by this Court. Further, Great Northern has failed to provide specific objections to each interrogatory or request and has, instead, merely relied on a series of general objections incorporated by reference. Finally, Great Northern has failed to provide McGuireWoods with a privilege log in any form.

Great Northern's discovery responses are woefully inadequate and do not represent a good faith effort to allow McGuireWoods to discover the facts and obtain the documents relevant to its claims and Great Northern's defenses. Great Northern has failed to provide a response to three interrogatories and six requests for production, and the responses to many others are merely cursory and convey little of substance. Further, Great Northern has, for the most part, failed to produce any documents to McGuireWoods' that were not already in McGuireWoods' possession before this lawsuit was filed. Great Northern's document production is limited to copies of McGuireWoods' insurance policies and correspondence between the parties discussing whether a duty to defend existed for the underlying Spencer lawsuits. Most glaringly, Great Northern has failed to produce its claim file for this matter.

## ARGUMENT

### I. Great Northern's Discovery Objections are Insufficient and Should be Stricken.

As outlined below, Great Northern's discovery objections are insufficient and should be stricken for three independent reasons: (1) there are untimely; (2) they impermissibly rely solely

on general objections; and (3) Great Northern has failed to provide a privilege log.  For these reasons alone, setting aside any analysis of the relevant nature of the information and materials that McGuireWoods seeks, this Court should order Great Northern to provide full, substantive responses to each interrogatory and request for production propounded on it.

**A.      Great Northern's discovery objections were not timely served.**

Local Rule 26(C) requires objections to interrogatories and requests for production to be served within fifteen days of service of the interrogatories and requests for production.  Three additional days are allowed for service of the discovery on a party pursuant to Federal Rule of Civil Procedure 6(d).  Therefore, Great Northern was required to serve its objections to McGuireWoods' discovery within eighteen days after July 21, 2010, or by August 8, 2010.  August 8, 2010 was a Sunday, a day on which discovery cannot be served.  Pursuant to Paragraph 20 of the Scheduling and Jury Pretrial Order issued by this Court, the discovery objections were due August 6, 2010, the Friday before the Sunday, August 8, 2010 deadline.  Because Great Northern did not serve its objections until August 9, 2010, the objections were not made within the time requirements of Local Rule 26(C).

**B.      Great Northern's use of general objections is insufficient.**

The use of general objections alone when responding to interrogatories and requests for production is insufficient.  ACMA USA, Inc. v. Surefil, LLC, No. 3:08cv071, 2008 WL 2714422, at *2 (E.D. Va. July 7, 2008).  A valid discovery objection must be stated specifically and not by mere incorporation by reference to a set of general objections.  Id.  "'General objections are not useful to the court ruling on a discovery objection,' and a bare objection does not meet the standard for a successful objection."  Cappetta v. GC Services Ltd. P'ship, No. 3:08cv288, 2008 WL 5377934, at *3 (E.D. Va. Dec. 24, 2008) (quoting Chubb Integrated Sys.

Ltd. v. Nat'l Bank of Wash., 103 F.R.D. 52, 58 (D.D.C. 1984)). Such objections cannot be recognized. Surefil, LLC, 2008 WL 2714422 at *2.

In its discovery objections, Great Northern relies exclusively on general objections, which it then incorporates by reference, with no specificity, into an "objection" to each interrogatory and request for production. This approach is inadequate and fails to constitute an acceptable objection that would allow McGuireWoods or this Court to determine the specific reasons why the discovery sought is purportedly objectionable. As such, Great Northern's discovery objections cannot be recognized.

### C. Great Northern's failure to provide a privilege log constitutes waiver of the asserted privileges.

> When a party withholds information otherwise discoverable by claiming that the information is privileged . . . , the party must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5). The attorney-client and work product privileges are construed quite narrowly. Hawkins v. Stables, 148 F.3d 379, 383 (4th Cir. 1998). The party seeking to assert a privilege bears the burden of establishing that a privilege applies to each document for which the claim of privilege is made. In re Grand Jury Proceedings, 102 F.3d 748, 750 (4th Cir. 1996). In order to comply with Federal Rule of Civil Procedure 26(b)(5), a party must provide an adequate privilege log. Rambus, Inc. v. Infineon Techs. AG, 220 F.R.D. 264, 273 (E.D. Va. 2004). Where a party has failed to provide an adequate rationale for an asserted privilege pursuant to Federal Rule of Civil Procedure 26(b)(5), a court is warranted to find that the privileges have been waived. Id. at 274.

Despite its assertion through general objections that every interrogatory and request for production propounded by McGuireWoods seeks discovery of information or documents

4

protected by the attorney-client privilege and work product doctrine, Great Northern has failed to provide McGuireWoods with a privilege log. Great Northern has left McGuireWoods with no idea of what documents exist that may be privileged, let alone able to determine if the claimed privileged is valid. Great Northern's blatant refusal to comply with Federal Rule of Civil Procedure 26(b)(5) warrants this Court to find that all such privileges are waived.

> II. **Great Northern's Discovery Responses are Insufficient.**

As detailed above, based solely on its insufficient discovery objections, this Court should require Great Northern to provide full, substantive responses to each interrogatory and request for production propounded on it. In addition, even on the merits, the information and documents McGuireWoods seeks in its discovery requests are clearly relevant to McGuireWoods' claims and/or Great Northern's defenses. The scope of discovery is framed by Federal Rule of Civil Procedure 26(b). Rule 26(b)(1) states, in part: "the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter **that is relevant to any party's claim or defense** . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added). As outlined below, the discovery McGuireWoods seeks is routinely sought and allowed in insurance coverage actions like this one, and is necessary for McGuireWoods to fully prepare its case in this matter.

> A. **Great Northern is obligated to provide substantive discovery responses related to its underwriting file for the Policy at issue in this litigation.**

In Request for Production No. 1 and Interrogatory No. 3, McGuireWoods seeks discovery regarding the underwriting file for the Policy it purchased from Great Northern. Courts permit discovery of the underwriting file in insurance coverage disputes such as this one, which involve coverage under a commercial liability policy for an underlying personal injury claim. <u>GBTI, Inc. v. Ins. Co. State of Pa.</u>, No. 1:09cv01173, 2010 WL 2942631, at *4 (E.D. Cal.

July 23, 2010). These materials are particularly relevant where there is a claim of bad faith. Id. at *2.

In addition to its breach of contract claim, pursuant to Virginia Code section 38.2-209, McGuireWoods is seeking damages for Great Northern's failure to act in good faith. Under Virginia law, in determining whether to award an insured attorneys' fees and costs based on an insurer's failure to act in good faith, courts consider the following issues:

(1) whether reasonable minds could differ in interpretation of policy provisions defining coverage and exclusions;

(2) whether insurer has made reasonable investigation of facts and circumstances underlying insured's claim;

(3) whether evidence discovered reasonably supports denial of liability;

(4) whether it appears that insurer's refusal to pay was used merely as tool in settlement negotiations; and,

(5) whether defense that insurer asserts at trial raises issue of first impression or reasonably debatable question of law or fact.

Tiger Fibers, LLC v. Aspen Specialty Ins. Co., 594 F. Supp. 2d 630, 654 (E.D. Va. 2009).

The underwriting file in this matter is relevant to both the breach of contract claim and the claim for damages pursuant to Virginia Code section 38.2-209. The underwriting materials will provide context for the interpretation of the Policy. In addition, they will reflect and record the parties' intentions when entering into the Policy that provided McGuireWoods coverage in this matter. Further, the underwriting materials are also relevant to the first issue courts examine when assessing the absence of good faith, namely, whether reasonable minds could differ in interpretation of policy provisions defining coverage and exclusions. The underwriting file and related materials are clearly relevant to McGuireWoods' claims in this action and discovery of this material is routinely permitted in insurance coverage litigation.

### B. Great Northern is obligated to provide substantive discovery responses related to the drafting history of the Policy at issue in this litigation.

In Request for Production No. 2 and Interrogatory No. 4, McGuireWoods seeks discovery regarding the drafting history of the Policy sold to it by Great Northern. The resolution of this matter will turn on the interpretation of the underlying Policy Great Northern issued. Because liability insurance policies use standard, industry wide language, documents and information relating to the insurance industry's interpretation of the meaning of key policy terms, including their drafting history, are relevant to the interpretation of the underlying Policy. Such drafting history documents contain records of the insurance industry's deliberations regarding the key policy terms and demonstrate the original derivation of those terms and their intended application.

Courts permit discovery of the drafting history of relevant policy provisions in insurance coverage actions particularly with regard to the policy exclusions upon which the insurer relied to deny coverage. Taco, Inc., v. Fed. Ins. Co., No. 07-27S, 2007 WL 4269810, at *2 (D.R.I. Nov. 30, 2007).

Great Northern has relied upon a number of policy exclusions to deny its duty to defend in this matter. The drafting history of these exclusions is relevant to determining the meaning behind them, and their intended application within the policy. Because Virginia law construes exclusionary language strictly against the insurer, construes it so as to afford coverage unless clear and unambiguous, and places the burden of proof on the insurer, see State Farm Mut. Ins. Co. v. Gandy, 238 Va. 258, 261, 383 S.E.2d 717, 719 (1989); Johnson v. Ins. Co. of N. Am., 232 Va. 340, 345, 350 S.E.2d. 616, 619 (1996), the drafting history is particularly relevant to show whether Great Northern's proposed application of the exclusions is as they were intended. As

7

such, Great Northern should be required to respond to McGuireWoods' discovery requests regarding the drafting history of all the policy exclusions upon which it relies in denying its duty to defend the underlying lawsuits.

### C. Great Northern is obligated to produce the relevant underwriting manuals and claims manuals.

In Request for Production Nos. 3, 4, and 5 McGuireWoods seeks all materials related to the underwriting and claims handling practices of Great Northern. Great Northern's internal underwriting and claims manuals are designed to provide guidance to its employees when determining whether to provide general liability coverage and how to respond to claims made under such coverage. They are relevant to this lawsuit because they demonstrate how Great Northern interprets its liability policies, such as the one it sold to McGuireWoods. Courts permit discovery of underwriting and claims manuals in coverage disputes such as this one, which involve coverage under a commercial liability policy for an underlying personal injury claim. Taco, Inc., 2007 WL 4269810, at *3.

Further, in this matter, unlike in Taco, Inc., McGuireWoods has made a bad faith claim for costs and fees pursuant to Virginia Code section 38.2-209. The internal underwriting and claims manuals are potentially relevant regarding each of the issues cited above, which courts consider in evaluating an insurer's failure to act in good faith. See Tiger Fibers, LLC, 594 F. Supp. 2d at 654. They would show the types of claims for which Great Northern routinely accepts coverage, which is relevant to determine whether reasonable minds could differ in interpretation of policy provisions; they would show Great Northern's standard claims investigation procedure, which is relevant to determine whether it made a reasonable investigation of the underlying lawsuits; they would show what evidence is considered in denying a duty to defend, which is relevant to determine whether Great Northern acted

8

reasonably in the underlying lawsuits; they would show whether Great Northern routinely denies claims for settlement leverage, which is relevant to determine whether Great Northern's actions were merely a settlement tool; and they would show whether Great Northern had a process in place for similar claims, which is relevant to determine whether Great Northern's defense in this matter raises issues of first impression.

For these reasons, this Court should order Great Northern to produce all materials related to the underwriting and claims handling practices of Great Northern.

### D. Great Northern is obligated to produce an overview of its corporate relationship with Chubb and any subsidiaries or parents thereof.

In Request for Production No. 6, McGuireWoods seeks documents identifying the corporate relationship between Great Northern and any parents and subsidiaries that it has or that any of its parents or subsidiaries have. Upon information and belief, Chubb is the parent company of Great Northern, and Chubb is the parent company of a number of other insurance companies that offer insurance policies with identical terms, in whole or in part, to the Policy at issue in this case. For example, one known subsidiary of Chubb, Federal Insurance Company, sold a policy with identical language, at least in part, to the Policy at issue in this case. See Align Tech., Inc. v. Fed. Ins. Co., 673 F. Supp. 2d 957 (N.D. Cal. 2009).

McGuireWoods is entitled to know the other companies owned by Chubb, which may offer identical policy terms, in order to fully investigate the meaning and scope of the coverage offered to it in this matter.

### E. Great Northern is obligated to produce its claim file from the underlying litigation.

In Request for Production No. 7, McGuireWoods seeks all documents related to the decision to deny McGuireWoods a defense in the underlying lawsuits. This request includes the

entire claim file from the underlying lawsuits. Under Virginia law, Great Northern is obligated to produce its claim file from the underlying lawsuits from the creation of that claim file until the "pivotal point" when the probability of coverage litigation between McGuireWoods and Great Northern became "substantial and imminent," or stated differently, became "fairly foreseeable." Schwarz & Schwarz of Va., LLC v. Certain Underwriters of Lloyd's, London Who Subscribed to Policy No. NC959, No. 6:07cv00042, 2009 WL 1043929, at *2 (W.D. Va. Apr. 17, 2009) (quoting State Farm Fire & Cas. Co. v. Perrigan, 102 F.R.D. 235, 237 (W.D. Va. 1984)). While there is no bright line rule as to when that point is reached, the Schwarz Court held that it was reached when the insurer officially disclaims coverage and not during the two years after the claim first rose during which the insurer commenced an investigation of the underlying claim. Id. at *4.

In this case, Great Northern did not officially deny coverage until December 23, 2008. See Letter from Vivian E. Harrington, Casualty Litigation Examiner, to Alexander H. Slaughter, McGuireWoods dated Dec. 23, 2008, attached as Ex. G. Therefore, this Court should order Great Northern to produce its entire claim file from the underlying litigation through December 23, 2008.

   **F. Great Northern is obligated to provide the full identity of those individuals with relevant knowledge of facts related to this litigation and provide dates for their depositions.**

In Interrogatory No. 6, McGuireWoods seeks the full identity of all individuals involved in the decision to deny the duty to defend in the underlying lawsuits. Great Northern has provided the names of Thomas P. Olson, Donald J. Sonlin, and Vivian E. Harrington. However, Great Northern has provided no further information about them. The definition section of the Interrogatories propounded on Great Northern clearly states that:

10

> Identify . . . means: (a) with respect to a person, his or her name and present (or if unknown, last known) home and business address, present (or if unknown, last known) place of employment, date(s) of commencement and termination of employment, job title and description of his or her duties and responsibilities.

Great Northern has provided none of this additional information and this Court should order it to do so.

Further, on August 27, 2010, McGuireWoods requested dates on which to depose these three individuals. To date, Great Northern has provided no possible dates and this Court should require that it make these individuals available for deposition prior to October 15, 2010.

## **CONCLUSION**

For the foregoing reasons, McGuireWoods, LLP, respectfully requests that the Court grant its Motion to Compel Discovery and order Great Northern to provide substantive interrogatory responses and produce all documents and other tangible things responsive to McGuireWoods requests for production

McGUIREWOODS LLP

\_\_/s/ James W. Morris, III_____
James W. Morris, III
Virginia State Bar No. 05740
Matthew D. Green
Virginia State Bar No. 46913
Melissa Y. York
Virginia State Bar No. 77493
Attorneys for McGuireWoods LLP
Morris & Morris, P.C.
Post Office Box 30
Richmond, Virginia 23218-0030
(804) 344-8300 Telephone
(804) 344-8359 Facsimile
jmorris@morrismorris.com
mgreen@morrismorris.com
myork@morrismorris.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 20th day of September, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send a notification of such filing (NEF) to the following:

Jeffrey R. Schmieler
Virginia State Bar No.: 32175
Alan B. Neurick *(Pro hac vice)*
Lisa N. Walters
Virginia State Bar No.: 72291
Saunders & Schmieler, P.C.
The Montgomery Center
8630 Fenton Street, Suite 1202
Silver Spring, Maryland 20910
Email: schmielerj@sslawfirm.com
Email: neuricka@sslawfirm.com
Email: waltersl@sslawfirm.com
Telephone: (301) 588-7717
Facsimile: (301) 588-5073
*Counsel for Defendant*

               /s/ James W. Morris, III_____
               James W. Morris, III
               Virginia State Bar No. 05740
               Matthew D. Green
               Virginia State Bar No. 46913
               Melissa Y. York
               Virginia State Bar No. 77493
               Attorneys for McGuireWoods LLP
               Morris & Morris, P.C.
               Post Office Box 30
               Richmond, Virginia  23218-0030
               (804) 344-8300 Telephone
               (804) 344-8359 Facsimile
               jmorris@morrismorris.com
               mgreen@morrismorris.com
               myork@morrismorris.com