IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

McGUIREWOODS LLP,

       Plaintiff,

v.                                         Civil Action No. 3:10cv354

GREAT NORTHERN INSURANCE COMPANY,

       Defendant.

**PLAINTIFF McGUIREWOODS LLP'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PARAGRAPH 61 OF DEFENDANT'S AMENDED ANSWER**

James W. Morris, III (VSB No. 05740)
Matthew D. Green (VSB No. 46913)
Melissa Y. York (VSB No. 77493)
Morris & Morris, P.C.
P.O. Box 30
Richmond, VA  23218
(804) 344-8300 Telephone
(804) 344-8359 Facsimile

*Counsel for Plaintiff McGuireWoods LLP*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ...................................................................................................................1

FACTUAL BACKGROUND ..................................................................................................1

ARGUMENT ...........................................................................................................................3

CONCLUSION ........................................................................................................................6

## **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

Campbell v. Potter,
   No. Civ. A. 01-cv-4517, 2005 WL 2660380 (E.D. Pa. 2005) ...............................................4

In re Keithley Instruments, Inc.,
   599 F. Supp. 2d 908 (N.D. Ohio 2009)............................................................................ 3-4

Nationwide Ins. Co. v. Cent. Mo. Elec. Coop., Inc.,
   278 F.3d 742 (8th Cir. 2001).................................................................................................3

Oy Tilgmann, AB v. Sport Publ'g Int'l, Inc.,
   110 F.R.D. 68 (E.D. Pa. 1986)..............................................................................................5

Samuel v. Rose's Stores, Inc.,
   907 F. Supp. 159 (E.D. Va. 1995) ........................................................................................3

Slane v. Emoto,
   582 F. Supp. 2d 1067 (W.D. Wis. 2008) ..............................................................................4

**RULES/STATUTES**

Fed. R. Civ. P. 12(f)..............................................................................................................1, 3

Fed. R. Civ. P. 15(a)..........................................................................................................passim

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff McGuireWoods LLP ("McGuireWoods") respectfully moves this Court to strike paragraph 61 of Defendant Great Northern Insurance Company's ("Great Northern") Amended Answer on the grounds that it exceeds the scope of the leave to amend in violation of Federal Rule of Civil Procedure 15(a).

**FACTUAL BACKGROUND**

This is an insurance coverage action in which McGuireWoods asserts that Great Northern had a duty to defend it, several of its partners, and an employee in three underlying defamation lawsuits filed against them by Christopher Spencer. (Compl. ¶¶ 32-40.) The Complaint sets forth a single count—breach of contract—and details the factual and legal basis for this claim. (Compl. ¶¶ 5-31.)

In its Answer, Great Northern asserted 53 separate "defenses," 48 of which McGuireWoods moved to strike as improper affirmative defenses that contained no factual allegations and should be struck because they were insufficient, redundant, and/or immaterial as a matter of law. (Docket Nos. 9, 13, 14.) This Court heard oral argument on McGuireWoods' Motion on August 25, 2010, and entered an Order granting the Motion, in part, on August 30, 2010. (Docket Nos. 34, 36.)

This Court held that Twombly and Iqbal pleading standards apply to affirmative defenses and struck 33 of Great Northern's "defenses," 30 without prejudice and 3 with prejudice. (See Docket No. 36 at 3.) The Court then granted Great Northern "leave to re-plead those defenses stricken without prejudice" and leave to "amend its Answer with respect to the stricken defenses within five (5) days of the date of entry of the Court's Order." (Id. at 4.) Great Northern did not

1

seek, and the Court did not grant, leave to amend the Answer in any manner other than to re-plead the stricken defenses to comply with Twombly and Iqbal.

On September 2, 2010, Great Northern filed its Amended Answer. (Docket No. 38.) In its Amended Answer, Great Northern alleges, for the most part, only those "further defenses" that the Court did not strike in its August 30, 2010 Order. Great Northern did re-plead the defense of waiver, which was stricken without prejudice, and, in doing so, alleged factual support for its defense. (Compare Answer ¶ 58 with Am. Answer ¶ 59.)

Shockingly, Great Northern, without permission of the Court or agreement of counsel, and without any change in the facts or circumstances, slipped unannounced into its "Amended Answer," an entirely new defense neither mentioned nor relied upon in the defenses it asserted in its denial of coverage before this action, (see Exs. A & B to Answer), nor was it among the primary defenses, or even the remarkable 53 "further defenses" asserted in the original Answer. That defense alleges:

> The policy defines "insureds" to include the members and partners of a limited liability partnership, "but they are insureds only with respect to the conduct of" the limited liability partnership's business. Form 80-02-2000, p. 6. Similarly, employees are insureds, but "only for acts within the scope of their employment . . . or while performing duties related to the conduct of" their insured employer's business. Id. While Getchell may have been a partner, and Allcott may have been an employee, there is not a single allegation in Spencer's original or amended complaints against them that they were conducting McGuireWoods' business or that Allcott was acting within the scope of his employment. Because there is no allegation that Getchell and Allcott were conducting McGuireWoods' business or that Allcott was acting within the scope of his employment, they are not insureds under the policy. Thus, the original and amended complaints against them did not create the potential for indemnification and there was no duty to defend.

(Am. Answer ¶ 61.) As the addition of this defense exceeds the scope of the Court's leave to amend, it should be stricken.

2

**ARGUMENT**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court has "'liberal discretion' to strike filings as it deems appropriate." In re Keithley Instruments, Inc., 599 F. Supp. 2d 908, 911 (N.D. Ohio 2009) (citing Nationwide Ins. Co. v. Cent. Mo. Elec. Coop., Inc., 278 F.3d 742, 748 (8th Cir. 2001)). It is appropriate to strike portions of pleadings that exceed the scope of leave to amend that has been granted by prior order of the Court. See id.; Samuel v. Rose's Stores, Inc., 907 F. Supp. 159 (E.D. Va. 1995) (denying the motion to strike but indicating that such a motion is an appropriate remedy when a pleading exceeds the scope of leave to amend).

In In re Keithley Instruments, Inc., the defendants moved to strike and dismiss the plaintiffs' third amended complaint because the new facts and claims exceeded the scope of the court's order granting leave to amend. In re Kiethley Instruments, Inc., 599 F. Supp. 2d at 911. The United States District Court for the Northern District of Ohio had granted the plaintiffs leave to add new facts in support of their existing claims. Id. The third amended complaint, however, did not assert any new facts and abandoned most of the prior claims, opting to assert entirely new claims based upon the same facts. Id. The amendment exceed the scope of the leave granted because "silence by [the p]laintiffs' counsel and the Court as to the addition of new causes of action cannot plausibly be construed as permitting leave to include such matters as have now been alleged in the [third amended complaint]." Id. at 914.

The court held that "[b]y exceeding the parameters of the Court's leave, [the p]laintiffs denied both the Court and the defendants the ability to properly consider the merits of" a request for leave to amend. Id. at 912-13. By exceeding the scope of the leave granted, the third

3

amended complaint failed to comply with Rule 15(a) of the Federal Rules of Civil Procedure.  Id. at 913.

In Slane v. Emoto, 582 F. Supp. 2d 1067, 1087-88 (W.D. Wis. 2008), the United States District Court for the Western District of Wisconsin granted a motion to strike a count of an amended complaint that exceeded the scope of the leave to amend.  In that case, the plaintiffs were granted leave to amend in order to plead their fraud claim with the specificity required by Federal Rule of Civil Procedure 9(b).  Id. at 1087.  The amended complaint, however, added a new cause of action, which was not addressed by the court's order granting leave to amend.  Id.  Therefore, the plaintiffs were "required to file a motion under Fed. R. Civ. P. 15(a) before adding a new cause of action.  [Their] failure to do so is reason enough to grant the motion to strike."  Id.  The court held that the failure of the order granting leave to amend to specify that the amendment to plead the fraud claim with the required specificity was the "only type of amendment authorized [and] was not an open invitation for plaintiff[s] to add whatever new claims [they] saw fit."  Id. (emphasis in original); see also Campbell v. Potter, No. Civ. A. 01-CV-4517, 2005 WL 2660380 (E.D. Pa. 2005) (dismissing counts of amended complaint that exceeded the scope of the leave to amend).

Similarly, in the present case, the Court's Order granted leave to "re-plead those defenses stricken without prejudice" and "amend [the] Answer with respect to the stricken defenses." (Docket No. 36 at 4.)  The Order, though silent with respect to pleading additional defenses, did not grant Great Northern leave to plead new defenses in its Amended Answer.  Therefore, paragraph 61 of the Amended Answer exceeds the scope of the leave to amend and should be stricken.

It is disingenuous at best for Great Northern to seize upon an order of this Court allowing it to correct the mispleading of many of its 53 defenses as a vehicle to also insert among its 30 such permitted corrections an unannounced attempt to correct its failure to plead this new, 54th defense, in the original Answer.

This issue has also arisen in the context of amended answers. In <u>Oy Tilgmann, AB v. Sport Publishing International, Inc.</u>, 110 F.R.D. 68, 69 (E.D. Pa. 1986), the United States District Court for the Eastern District of Pennsylvania granted a motion to strike an answer to amended complaint. In that case, the plaintiff was granted leave to amend its complaint to add a party defendant. <u>Id.</u> at 69-70. The amended complaint was identical to the original complaint with the exception of one paragraph, which added the new defendant. <u>Id.</u> at 70. The original defendants then filed an answer to the amended complaint, which "contained new and additional allegations in nearly every paragraph, as well as eight new affirmative defenses. The defendants did not seek leave of court or consent of the plaintiff to file this amended pleading." <u>Id.</u>

The court found that the answer to the amended complaint constituted an amended answer filed without leave of court. <u>Id.</u> As the amended complaint only contained one new paragraph, "that was the only paragraph to which there should necessarily have been a new or additional response by these defendants." <u>Id.</u> As "the defendants were not responding for the first time to new issues raised in the plaintiff's amended pleading, the substantially altered document is an amended pleading under the rules." <u>Id.</u> Therefore, the defendants were required to obtain leave of court or written consent of the plaintiff to file the answer to the amended complaint. <u>Id.</u> Since neither was obtained, the pleading was filed in violation of the Federal Rules of Civil Procedure. <u>Id.</u>

5

Similarly, Great Northern neither sought leave of court nor written consent from McGuireWoods to plead this new "further defense" in its Amended Answer. This Court's Order specifically granted Great Northern leave to re-plead any of the 30 "defenses" stricken without prejudice, providing "factual elucidation and support of the defenses in accordance with the Iqbal and Twombly standards, as articulated in Francisco." (Docket No. 36 at 4.) Great Northern, however, decided unilaterally to exceed the scope of the Court's Order and use that order as a device to cure an omission in its original Answer by adding yet a fifty-fourth "further defense," to the 53 defenses in its initial Answer. This new defense is not based on any new facts learned during the pendency of the litigation. This amendment violates Rule 15(a) of the Federal Rules of Civil Procedure, and should be stricken.

**CONCLUSION**

For the foregoing reasons, McGuireWoods, LLP, respectfully moves the Court to strike paragraph 61 of Defendant's Amended Answer.

McGUIREWOODS LLP

　/s/ James W. Morris, III　
James W. Morris, III
Virginia State Bar No. 05740
Matthew D. Green
Virginia State Bar No. 46913
Melissa Y. York
Virginia State Bar No. 77493
Attorneys for McGuireWoods LLP
Morris & Morris, P.C.
Post Office Box 30
Richmond, Virginia 23218-0030
(804) 344-8300 Telephone
(804) 344-8359 Facsimile
jmorris@morrismorris.com
mgreen@morrismorris.com
myork@morrismorris.com

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 20th day of September, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send a notification of such filing (NEF) to the following:

Jeffrey R. Schmieler
Virginia State Bar No. 32175
Alan B. Neurick *(Pro hac vice)*
Lisa N. Walters
Virginia State Bar No. 72291
Samuel T. Wolf (*Pro hac vice*)
Saunders & Schmieler, P.C.
The Montgomery Center
8630 Penton Street, Suite 1202
Silver Springs, MD 20910
(301) 588-7717
(301) 588-5073 – Fax
e-mail: schmieler@sslawfirm.com
*Counsel for Defendant*

                /s/ James W. Morris, III
                James W. Morris, III
                Virginia State Bar No. 05740
                Matthew D. Green
                Virginia State Bar No. 46913
                Melissa Y. York
                Virginia State Bar No. 77493
                Attorneys for McGuireWoods LLP
                Morris & Morris, P.C.
                Post Office Box 30
                Richmond, Virginia  23218-0030
                (804) 344-8300 Telephone
                (804) 344-8359 Facsimile
                jmorris@morrismorris.com
                mgreen@morrismorris.com
                myork@morrismorris.com