IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **McGUIREWOODS LLP** | * |
| Plaintiff | * |
| v. | * Civil Action No.: 3:10cv354 |
| **GREAT NORTHERN INSURANCE COMPANY** | * |
| | * |
| Defendant | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT GREAT NORTHERN INSURANCE COMPANY'S BRIEF IN OPPOSITION TO PLAINTIFF McGUIREWOODS LLP'S MOTION TO STRIKE PARAGRAPH 61 OF DEFENDANT'S AMENDED ANSWER**

_____

Defendant Great Northern Insurance Company ("Great Northern"), by and through its attorneys, Jeffrey R. Schmieler, Alan B. Neurick, Lisa N. Walters, Samuel T. Wolf, and Saunders & Schmieler, P.C., files this brief in opposition to Plaintiff McGuireWoods LLP's ("McGuireWoods") motion to strike paragraph 61 of the Amended Answer, and states:

**INTRODUCTION**

Great Northern requests that the Court deny McGuireWoods' motion to strike paragraph 61 of the Amended Answer because the inclusion of Paragraph 61 complies with the scope of this Court's grant of leave to amend in the August 30, 2010 Order which granted, in part, McGuireWoods' motion to strike the original answer. Doc. 36.

In the alternative, if the Court agrees with McGuireWoods' argument that the inclusion of Paragraph 61 exceeds the scope of the grant of leave to amend, Great Northern requests that the Court deny the relief McGuireWoods requests in its motion, and instead retroactively grant Great

Northern leave to include paragraph 61 in the Amended Answer as of the date the Amended Answer was filed, September 2, 2010. Doc. 38.

## STATEMENT OF FACTS

McGuireWoods' Complaint in this action seeks to recover damages for what it alleges was the breach of an insurance contract. McGuireWoods alleges that it was forced to pay for the defense of itself, an affiliated entity, and three partners and/or employees, against two separate actions filed by Virginia attorney Christopher Spencer, a former partner in McGuire, Woods, Battle & Boothe LLP (an entity named as an insured under McGuireWoods' policy, and a predecessor of what is now "McGuireWoods LLP"). McGuireWoods alleges that Great Northern owed a duty to defend the defendants in these underlying actions based on a policy Great Northern sold to McGuireWoods. Great Northern denies that the allegations of the underlying complaints triggered a duty to defend for reasons fully explained in the cross-motions for judgment on the pleadings currently pending before the Court.

Great Northern filed an Answer to the Complaint. McGuireWoods moved to strike 48 of the 53 further defenses in Great Northern's Answer in their entirety, arguing that the defenses did not comply with the pleading standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Over Great Northern's opposition, the Court granted McGuireWoods' motion, but only in part.

In its Order dated August 30, 2010, the Court first held that the *Twombly* and *Iqbal* pleading standard applies not only to complaints, but to answers as well. Doc. 36 at 3. After reaching this conclusion, the Court struck Paragraphs 41, 42, 44, 45, 50, 55, 56, 57, 58, 60, 61, 62, 68, 70 and 85 of the original Answer "on the grounds that [Great Northern] does not provide

2

sufficient facts to meet the pleading standard articulated in *Iqbal* and *Twombly*." The Court struck these paragraphs without prejudice. *Id.*

Additionally, the Court struck Paragraphs 53, 54, 59, 66, 71, 72, 86, 87, 88, 89, 90, 91, 92 and 93 of the original Answer "without prejudice" because the Court found them "redundant . . . as covered by denials in other paragraphs." *Id.*

Also without prejudice, the Court struck Paragraph 48, finding that it was improper to assert in the Answer that McGuireWoods' Complaint fails to state a claim.

The Court struck three paragraphs, not at issue here, finding that "they are unrelated to [McGuireWoods'] claim and therefore 'would not, under the facts alleged, constitute a valid defense to the action.'" *Id.* (quoting *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2007) (citations omitted in original).

The Court specifically granted Great Northern "leave to re-plead those defenses stricken without prejudice," with the caveats that: (1) Great Northern "must, if it chooses to amend its Answer as to these defenses, provide factual elucidation and support of the defenses in accordance with the *Iqbal* and *Twombly* standards, as articulated in *Francisco* [*v. Verizon South, Inc.*, No. 09CV737, 2010 WL 2990159, at *6 (E.D. Va. July 29, 2010)]," and (2) the Amended Answer be filed within five days of the entry of the Court's Order. Doc. 36 at 4.

Three calendar days after the Court's Order was entered, Great Northern filed its Amended Answer. Eighteen days later, McGuireWoods filed the present motion to strike Paragraph 61 of the Amended Answer. That paragraph states:

> 61. The policy defines "insureds" to include the members and partners of a limited liability partnership, but they are insureds only with respect to the conduct of" the limited liability partnership's business. Form 80-02-2000, p. 6. Similarly, employees are insureds, but "only for acts within the scope of their employment . . . or while performing duties related to the conduct of" their insured employer's business. *Id.* While Getchell may have been a partner, and

3

> Allcott may have been an employee, there is not a single allegation in Spencer's original or amended complaints against them that they were conducting McGuireWoods' business or that Allcott was acting within the scope of his employment. Because there is no allegation that Getchell and Allcott were conducting McGuireWoods' business or that Allcott was acting within the scope of his employment, they are not insureds under the policy. Thus, the original and amended complaints against them did not create the potential for indemnification and there was no duty to defend.

Am. Answer ¶ 61.

## ARGUMENT

The Court should deny McGuireWoods' motion because Paragraph 61 of Great Northern's Amended Answer was filed in compliance with the Court's Order. In the alternative, Great Northern requests that the Court retroactively grant Great Northern leave to include Paragraph 61 in the Amended Answer.

### I.  Paragraph 61 does not exceed the scope of the Court's Order

Contrary to McGuireWoods' argument in its motion, Paragraph 61 of the Amended Answer complies with the requirements of the Court's Order. McGuireWoods misconstrues the Court's Order, neglecting to recognize that the Court struck some of the paragraphs because they were redundant, not because they failed to comply with the pleading requirements in *Twombly* and *Iqbal*. McGuireWoods fails to recognize that Paragraph 61 is an amendment of those paragraphs of the original Answer that state to the effect that the Great Northern is not liable because the policy does not afford coverage for the underlying claims, and that Paragraph 61 includes facts to ensure compliance with the requirements of *Twombly* and *Iqbal*. The motion to strike Paragraph 61 should be denied.

#### A.  McGuireWoods misconstrues the Court's Order

In its motion, McGuireWoods states that the Court "held that the *Twombly* and *Iqbal* pleading standards apply to affirmative defenses and struck 33 of Great Northern's 'defenses,' 30

4

without prejudice and 3 with prejudice." Memo. at 1. It then asserts that the Court granted Great Northern "leave to re-plead those defenses stricken without prejudice and leave to amend its Answer with respect to the stricken defenses within five (5) days of the date of entry of the Court's Order," and that "Great Northern did not seek, and the Court did not grant, leave to amend the Answer in any manner other than to re-plead the stricken defenses to comply with *Twombly* and *Iqbal*." *Id.* at 1-2. McGuireWoods implies that these paragraphs all were stricken for failure to comply with *Twombly* and *Iqbal*. That is not the case.

Several of the paragraphs of the original Answer were stricken because the Court found them to be redundant. And the Court granted Great Northern leave to amend these paragraphs as well, so long as the paragraphs were re-pleaded in compliance with *Twombly* and *Iqbal*. Thus, McGuireWoods' statement that Great Northern "slipped unannounced into its 'Amended Answer,' an entirely new defense neither mentioned nor relied upon in the defenses it asserted" previously, is entirely unfounded. Great Northern's inclusion of Paragraph 61 in its Amended Answer is a restatement of several of the stricken paragraphs of the original Answer, with the inclusion of even more detail than the Court required.

**B.     Paragraph 61 of the Amended Answer was filed within the scope of the Court's Order**

Great Northern complied with the Court's Order, and stayed within the Order's scope, by re-pleading several of the paragraphs that the Court found redundant in a way that consolidated them and provided the factual detail the Court required. Included in the paragraphs that the Court struck "as redundant and as covered by denials in other paragraphs," Doc. 36 at 3, are Paragraphs 53, 54, 59, 72, and 87 of the original Answer. Set forth below, these paragraphs stated:

> 53.     The Defendant is not indebted as alleged.

>    54.    The Defendant never promised as alleged. . . .
>
>    59.    The Defendant breached no contractual obligation or duty, either expressed or implied[,] which it owed to the Plaintiff. . . .
>
>    72.    The Complaint fails to establish that Great Northern owed a contractual duty to provide insurance coverage to McGuireWoods LLP, et al.[,] for claims made in the underlying litigation by Christopher C. Spencer. . . .
>
>    87.    Great Northern Insurance Company owed no contractual obligation or duty, either expressed or implied, to McGuireWoods LLP, McGuireWoods Consulting, Getchell, Allcott or Barr to defend and or indemnify them as alleged in the Complaint.

*Id.* These paragraphs are all permutations of the same basic principle: McGuireWoods' policy with Great Northern did not require Great Northern to defend any of the underlying defendants against Christopher Spencer's claims.

Great Northern complied with the Court's Order, which granted Great Northern leave to amend the paragraphs the Court found to be redundant, in order to eliminate any redundancy and comply with the Court's determination that *Twombly* and *Iqbal* apply to answers as well as to complaints. Great Northern amended these paragraphs to create Paragraph 61, and included in Paragraph 61 reasons why the insurance policy did not obligate Great Northern to defend against Spencer's underlying actions against Getchell and Allcott: Spencer's complaint against Getchell and Allcott does not allege any facts, or even argue, that Getchell and Allcott were acting on behalf of McGuireWoods or any of the other named insureds in the policy, nor does Spencer's complaint against Getchell and Allcott allege that the two defendants were acting within their capacities as partner and employee, respectively. By including the information in Paragraph 61, Great Northern probably even surpassed what this Court would require in terms of detail in an effort to err on the side of caution and ensure that McGuireWoods could not claim, again, that it was not provided with enough information in the Amended Answer.

6

Moreover, Paragraph 61, and many of the defenses in the Amended Answer, are included to ensure that Great Northern complies with any conceivable interpretation of Fed. R. Civ. P. 8(b) and (c), even if the result is including more information than the Rule requires. As the Court recognized in its Order, federal pleading practice is still in a state of flux and uncertainty following the Supreme Court's holdings in *Twombly* and *Iqbal*. *Twombly* and *Iqbal* clarified Rule 8(a)(2)'s requirement that a pleading stating a claim for relief contain "a short and plain statement of the claim *showing that the pleader is entitled to relief*," (emphasis added), by holding that a complaint must include allegations of fact—if proven true—sufficient to establish a facially plausible entitlement to relief. Many district courts,[1] including this Court, have extrapolated that the requirements of Rule 8(a)(2), governing complaints, apply to Rule 8(b)-(c), governing answers. Great Northern maintains that Rule 8 simply does not require a defendant to state facts showing that a plaintiff is not entitled to relief, but rather, it requires only that the defenses be stated, because neither Rule 8(b) nor 8(c) impose the same "showing" requirement as does Rule 8(a)(2).

Although the district courts throughout the country are divided on the issue whether *Twombly* and *Iqbal* apply to answers as well as complaints, and no court of appeals has filed an opinion on the issue, this Court has made its determination, and Great Northern's Amended Answer was filed in an attempt to abide by the Court's ruling. In its effort to comply with the Court's Order, and because of the state of flux of federal pleading practice, Great Northern has included Paragraph 61, among others, as further defenses in order to ensure compliance with whatever the next appellate opinion may say about the requirements for pleading an answer.

---

[1] The district courts have addressed the issue in what have been mostly unreported opinions with no precedential value outside of the cases in which the opinions were filed.

Thus, out of an abundance of caution, Paragraph 61 has been included as a defense although Rule 8(b)-(c) does not require it to be stated as a defense.

The denials contained in Paragraphs 8, 9, 12, 36, 37, 38, and 40 of the Amended Answer (which appeared in the original answer as well), are sufficient to put at issue whether the policy afforded coverage for the underlying claims or imposed on Great Northern a duty to defend. McGuireWoods has the burden of persuasion to show that the policy afforded coverage in the first instance. *See Bohreer v. Erie Ins. Group*, 475 F. Supp. 2d 578, 585 (E.D. Va. 2007) (a plaintiff has the burden of establishing that he is covered by the policy). It was legally sufficient for Great Northern to have merely denied the facts upon which McGuireWoods would base its claim. Great Northern went above and beyond what was required and included Paragraph 61 in the Amended Answer in order to prevent McGuireWoods from even attempting the argument that it should have been alleged as a defense or that McGuireWoods somehow lacked notice that it would have to prove that coverage existed under the policy for Spencer's underlying actions. By bringing this present action, McGuireWoods knew that it would have to prove the existence of coverage in order to prove a duty to defend.[2]

McGuireWoods cannot have it both ways. It cannot demand the inclusion of more information, and then complain when more information is provided. Because Paragraph 61 of the Amended Answer complies with the Court's Order by eliminating redundant defenses and by

---

[2] The fact that McGuireWoods filed its motion to strike Paragraph 61 of the Amended Answer appears to be nothing more than an effort to distract from the real issues in this case and to bog down the Court and Great Northern in a procedural morass. Especially telling is that there would be no effect on this litigation should McGuireWoods receive the relief it requests, *i.e.*, the striking of Paragraph 61. McGuireWoods still would be required to prove the existence of coverage under the policy for the claims made in the underlying actions. Additionally, McGuireWoods' objection belies the fact that it recognizes the weakness of its position: Great Northern had no duty to defend the underlying claim against Getchell and Allcott because the policy afforded them no coverage.

adding the facts the Court has ruled must be included in the Amended Answer, McGuireWoods' motion must be denied.

## II. In the alternative, Great Northern requests that the Court retroactively grant Great Northern leave to include Paragraph 61 in its Amended Answer

Although McGuireWoods' motion is meritless and should be denied, if the Court is inclined to agree with McGuireWoods' arguments, then Great Northern requests that the Court deny the relief requested by McGuireWoods, and instead grant Great Northern leave to include Paragraph 61 in the Amended Answer, retroactive to the time the Amended Answer was filed. Such a resolution would be the most procedurally expedient result, and it would not prejudice either the Court or McGuireWoods.

Granting retroactive leave to amend Paragraph 61 would be the most expedient result. Doing so would eliminate the need for Great Northern to file a new motion for leave to amend, the need for McGuireWoods to file a futile opposition complaining it somehow would be prejudiced by an allowance of the amendment, the need for the Court to conduct a hearing, and the need for the parties to waste money on attorneys' fees.

Rule 15(a) provides that leave to amend "shall be given freely when justice so requires." The Fourth Circuit has explained that "leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). McGuireWoods does not argue that that Paragraph 61 was included in bad faith or that it is futile. As should be clear from this brief, Great Northern did not plead Paragraph 61 in bad faith. Rather, Great Northern pleaded Paragraph 61 in compliance with this Court's Order granting leave to amend the paragraphs of the original Answer that the Court found to be redundant. Even if the Court interprets its Order differently than does Great

9

Northern, it is still apparent that Great Northern acted in good faith. McGuireWoods does not argue that Paragraph 61 is futile, it simply argues that the paragraph is new.

Retroactively allowing Great Northern to include Paragraph 61 would not result in prejudice to either the Court or to McGuireWoods. Again, it would alleviate the Court's burden in having to subsequently decide a motion for leave to amend, which probably would involve conducting a hearing. McGuireWoods would not be prejudiced, because it has the burden of proving that the underlying defendants were covered by the policy for Spencer's underlying claims. Whether or not Paragraph 61 is included in the Amended Answer has no effect on McGuireWoods' burden. The burden exists either way.

Moreover, there would be no prejudice to McGuireWoods because it already knew it had to prove the existence of coverage in the first instance in order to establish its claim that Great Northern owed it a duty to defend. McGuireWoods should have known simply by filing its complaint that it would have to prove the existence of coverage. If McGuireWoods overlooked an issue on which it bears the burden of proof, then it cannot blame Great Northern. Additionally, McGuireWoods had actual knowledge that Great Northern would make the legal argument[3] that no coverage existed prior to the filing of the Amended Answer. In its Complaint, McGuireWoods alleged that coverage existed and the policy imposed upon Great Northern a duty to defend the underlying claims. In its original Answer, Great Northern denied both the existence of coverage for the underlying claims and a duty to defend the underlying claims. The argument also was contained in Great Northern's opposition to McGuireWoods' motion for judgment on the pleadings. In fact, if the language of Paragraph 61 is not exactly the same as that contained in Great Northern's opposition to McGuireWoods' motion for judgment on the

---

[3] And it truly is a legal argument. The policy says what it says, and Spencer's underlying complaints allege what they allege. There is not a factual dispute to resolve in that regard.

pleadings, it is substantially the same. McGuireWoods cannot in good faith complain of any prejudice.

## CONCLUSION

The Court should deny McGuireWoods' motion. Great Northern complied with the Court's Order in filing its Amended Complaint, and stayed within the scope of the Order. McGuireWoods' motion is meritless.

Even if the Court is inclined to grant McGuireWoods' motion, the Court should grant Great Northern retroactive leave to include Paragraph 61 in its Amended Answer, as of the date that pleading was filed, September 2, 2010.

Respectfully submitted,

/S/ Jeffrey R. Schmieler
Jeffrey R. Schmieler (VSB No. 32175)
Alan B. Neurick (*pro hac vice*)
Lisa N. Walters (VSB No. 72291)
Samuel T. Wolf (*pro hac vice*)
*Saunders & Schmieler, P.C.*
The Montgomery Center, Suite 1202
8630 Fenton Street
Silver Spring, Maryland 20910
(301) 588-7717
(301) 588-5073 Facsimile
schmielerj@sslawfirm.com
neuricka@sslawfirm.com
waltersl@sslawfirm.com
wolfs@sslawfirm.com

*Counsel for Defendant*
*Great Northern Insurance Company*