IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

McGUIREWOODS LLP                    *

       Plaintiff                   *

v.                                  *          Civil Action No.: 3:10cv354

GREAT NORTHERN INSURANCE            *
COMPANY
                                    *
       Defendant                   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## GREAT NORTHERN INSURANCE COMPANY'S BRIEF IN OPPOSITION TO McGUIREWOODS LLP'S MOTION TO COMPEL DISCOVERY

Defendant Great Northern Insurance Company ("Great Northern"), by and through its undersigned attorneys, files this brief in opposition to Plaintiff McGuireWoods LLP's ("McGuireWoods") motion to compel discovery.

Jeffrey R. Schmieler (VSB No. 32175)
Alan B. Neurick (*pro hac vice*)
Lisa N. Walters (VSB No. 72291)
Samuel T. Wolf (*pro hac vice*)
*Saunders & Schmieler, P.C.*
The Montgomery Center, Suite 1202
8630 Fenton Street
Silver Spring, Maryland 20910
(301) 588-7717
(301) 588-5073 Facsimile
schmielerj@sslawfirm.com
neuricka@sslawfirm.com
waltersl@sslawfirm.com
wolfs@sslawfirm.com
*Counsel for Defendant*
*Great Northern Insurance Company*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES

INTRODUCTION   1

ARGUMENT   2

    I.     Great Northern Provided Adequate Discovery Objections   2

          A. Great Northern's discovery objections were timely served pursuant to Local Rule 26(c).   2
          B. Great Northern's objections are fair in light of the information requested by McGuireWoods and in the light of the obligations relied upon by McGuireWoods in responding to Great Northern's Discovery.   3
          C. Great Northern has provided a privilege log to McGuireWoods and therefore has not waived any of its asserted privileges.   5

    II.    Great Northern's Discovery Responses Exceeded McGuireWoods' Requests   5

          A. Great Northern has produced the underwriting file for the subject policy.   6
          B. Great Northern has produced all documents pertaining to the drafting history, underwriting manuals and claims manuals for the subject policy within its possession, despite the fact that such documents are irrelevant.   7
          C. Great Northern is not required to produce an accounting of its company and departmental changes as originally requested by McGuireWoods, because no such documentation is in its possession and the information is not relevant to this claim.   8
          D. Great Northern has produced the discoverable portions of the claim file for the underlying litigation pertaining to this matter.   9
          E. Great Northern has fully identified all persons involved in examining its duty to defend McGuireWoods in the underlying litigation pursuant to the subject policy.   9

CONCLUSION   10

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Campbell v. Microsoft Corp.,*
     2006 U.S. Dist. LEXIS 9995 (D.D.C. 2006)……………………………………………..6

*D.E. Techs., Inc. v. Dell, Inc.,*
     2007 U.S. Dist. LEXIS 2769 (W.D. Va. 2009)……………………………………………..6

*Humanscale Corp. v. CompX International, Inc. et al.,*
     2009 U.S. Dist. LEXIS 120197 (E.D. Va. 2009)……………………………………………8

*Prouty v. National R. Passenger Corp.,*
     99 F.R.D. 545 (D.D.C. 1983)…………………………………………………………..4

*Steinbach v. Credigy Receivables, Inc.,*
     2006 U.S. Dist. LEXIS 20083 (E.D. Ky. 2006)……………………………………………..4

**STATE CASES**

*Lerner v. Safeco,*
     219 Va. 101, 245 S.E.2d 249 (1978)…………………………………………………….8

*Reisen v. Aetna Life & Cas. Co.,*
     225 Va. 327, 302 S.E.2d 529 (1983)…………………………………………........4, 7

*VEPCO v. Northbrook Property & Cas. Ins. Co.,*
     252 Va. 265, 475 S.E.2d 264 (1996)…………………………………………………….8

**STATUTES & RULES**

Fed. R. Civ. P. 26 (b)(1)……………………………………………………………..7

Local Civil Rule 26(c)……………………………………………………………….3

## INTRODUCTION

McGuireWoods seeks to recover damages for what it alleges was the breach of an insurance contract. McGuireWoods alleges that it was forced to pay for the defense of itself, an affiliated entity, and three partners and/or employees, against two separate actions filed Christopher Spencer, a former partner in McGuire, Woods, Battle & Boothe LLP. McGuireWoods alleges that Great Northern owed a duty to defend the defendants in these underlying tort actions based on a policy Great Northern sold to McGuireWoods. Great Northern denies that the allegations of the underlying complaints triggered a duty to defend for reasons fully explained in the cross-motions for judgment on the pleadings currently pending before the Court. McGuireWoods has now filed a motion to compel, alleging deficiencies in Great Northern's objections and responses to its interrogatories and requests for the production of documents.

McGuireWoods' motion to compel should be denied on the basis that the motion which incorrectly states that Great Northern's objections were inadequate and untimely, was obviously filed prior to and in the absence of a review of Great Northern's document productions on September 14, 2010 and September 16, 2010, respectively. McGuireWoods' motion to compel was filed on September 20, 2010, and it wholly ignored the twelve (12) banker box loads of documents provided to McGuireWoods in response to the interrogatories and requests for production of documents propounded. Great Northern's discovery answers and productions were responsive to the requests as they contained, albeit under objection, the requested underwriting files, documents detailing communications between the broker for McGuireWoods and Great Northern regarding policy terms, account related documents, and policy forms and

endorsements dating back to 1991[1].  For these reasons, McGuireWoods' motion to compel is without merit and should be denied by this Court.

**ARGUMENT**

This Court should deny McGuireWoods' motion because (1) Great Northern's discovery responses were timely and adequate under the Federal Rules and the Local Civil Rules of this Court; (2) Great Northern's discovery responses exceeded the information requested by McGuireWoods despite its irrelevance; and (3) McGuireWoods has obviously failed to adequately review and analyze Great Northern's document production prior to the filing of this motion.

**I.      Great Northern Provided Adequate Discovery Objections.**

McGuireWoods' motion to compel is wholly without merit because: (1) Great Northern provided timely objections to McGuireWoods' discovery; (2) Great Northern provided fair objections to the information sought by McGuireWoods; and (3) Great Northern has produced a detailed privilege log pertaining to its production of Great Northern's claim file.

**A.      Great Northern's discovery objections were timely served pursuant to Local Rule 26 (C).**

McGuireWoods contends that Great Northern's objections were not timely filed pursuant to the Scheduling and Jury Pretrial Order entered by the court in this matter.  However, McGuireWoods has failed to properly read the terms of the Order.  Paragraph 20 of the Scheduling and Jury Pretrial order states the following:

> Fed. R. Civ. Pro. Rule 6 applies to the time limits *under this order* in all circumstances except where a deadline falls on a Saturday, Sunday, or holiday.  In such case, the deadline will be the last business day prior to the Saturday, Sunday, or holiday.  *Emphasis added.*

---

[1] McGuireWoods' requests only seek documents up to the year 2000.

The deadline by which to file objections interrogatories and requests for the production of documents is governed by Local Civil Rule 26(c). The deadline is not a time limit under the Scheduling and Jury Pretrial Order. McGuireWoods' discovery was filed on July 21, 2010. With a fifteen (15) day deadline and three (3) additional days for service, Great Northern's responses were due on Sunday, August 8, 2010. Since the objections deadline is set by the Local Civil Rules, the deadline moved to the following Monday, August 9, 2010. Therefore, Great Northern's objections were timely filed and McGuireWoods' arguments to the contrary are without merit.

**B. Great Northern's objections are fair in light of the information requested by McGuireWoods and in light of the objections relied upon by McGuireWoods in responding to Great Northern's discovery.**

McGuireWoods argues that Great Northern's objections are insufficient because it cannot determine why the requested discovery is objectionable. McGuireWoods' interrogatories and requests for the production of documents seek host of information that is clearly and on their face not reasonably calculated to lead to the discovery of admissible evidence. In addition, many of the requests are overly broad and unduly burdensome and constitute an abuse of the discovery procedure. For example, McGuirewoods has requested information dating back to 2000 regarding Great Northern's handling of claims for clients other than McGuireWoods; information regarding all communications which Great Northern has had with any employee of McGuireWoods, past or present with no designated time limitation; documents relating "in any manner" to the drafting and underwriting of the policy issued to McGuireWoods; documents relating to Great Northern's underwriting practices dating back to 2000; documents relating to all defamation actions handled by Great Northern for clients other than McGuireWoods; documents relating to Great Northern's claims handling procedures and departmental structures dating back

3

to 2000; and documents relating to any changes in Great Northern's corporate structure and departments dating back to 2000.

The policy of insurance at issue in this litigation has effective dates of August 1, 2006 through August 1, 2008. It is clear that McGuireWoods' requests for information spanning a block of ten (10) years is impermissibly broad in light of the alleged date of loss. Additionally, these requests are unduly burdensome because they require Great Northern to locate and produce years of documents that have no bearing on the instant case. The only documents relevant to the duty to defend issue of this action are the underlying complaints and the subject policy. *Reisen v. Aetna Life & Cas. Co.*, 225 Va. 327, 331, 302 S.E.2d 529, 531 (1983). Most blatantly abusive are the documents requested by McGuireWoods which pertain to Great Northern's handling of claims for other clients – information which in addition to being confidential is not remotely discoverable. None of the information McGuireWoods seeks to discover is relevant because it has nothing to do with what the parties agreed to in the unambiguous insurance policy and nothing to do with the substance of the underlying tort actions.

In light of the overbreadth of the discovery requested by McGuireWoods, McGuirewoods cannot in good faith argue that the basis for Great Northern's objections is not clear. Other federal courts have upheld objections where the requested information is clearly overbroad and amounts to a fishing expedition. *See Steinbach v. Credigy Receivables, Inc.,* 2006 U.S. Dist. LEXIS 20083 (E.D. Ky. 2006) and *Prouty v. National R. Passenger Corp.,* 99 F.R.D. 545 (D.D.C. 1983). Furthermore, it is disingenuous for McGuireWoods to represent to this Court that Great Northern's discovery objections should not be recognized where McGuireWoods in responding to Great Northern's discovery has raised general objections to each and every one of Great Northern's interrogatories and requests for the production of documents and unlike Great

4

Northern, did so with impugnity. **Exhibit 1.** Accordingly, Great Northern's objections should be upheld by this court.

### C. Great Northern has provided a privilege log to McGuireWoods and therefore has not waived any of its asserted privileges.

According to McGuireWoods, Great Northern has failed to provide a privilege log for Great Northern's corresponding objections based on the work-product doctrine and/or attorney-client privilege. Contrary to McGuireWoods' representations, Great Northern has not asserted the work-product doctrine and/or attorney-client privilege to every interrogatory and request for production propounded by McGuireWoods, but has also raised the objections in response to those requests by McGuireWoods which were overbroad, unduly burdensome, not reasonably limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence. More importantly, with the exception of Great Northern's claim file and corresponding privilege log which has since been produced, Great Northern has produced all of the documents in its possession pertaining to the instant action as they are kept in the usual course of business. Therefore, there has been no waiver by Great Northern of its asserted privileges.

### II. Great Northern's Discovery Responses Exceeded McGuireWoods' Requests.

The majority of discovery requests propounded by McGuireWoods in this matter bear no relevance to the issues presented in the instant case. It is well settled that the documents pertinent to the Court's analysis of the claims and defenses in this matter are comprised of the underlying complaint and the applicable policy of insurance. Despite McGuireWoods' abuse of the discovery procedures governing this action, Great Northern has provided full and complete responses to the discovery propounded by McGuireWoods. To the extent that certain documents

have not been produced by Great Northern, it is because no such documents exist. Indeed, McGuireWoods filed its motion to compel without reviewing the twelve (12) box loads of documents that were produced by Great Northern in violation of the applicable Federal Rules of Civil Procedure and the Local Civil Rules of this court. McGuireWoods' abuse of the discovery process should not be rewarded and the motion to compel should be denied.

### A. Great Northern has produced the underwriting file for the subject policy.

McGuireWoods has incorrectly contended that Great Northern has not produced the underwriting file for the policy of insurance at issue in this case. Had McGuireWoods taken the time to review the approximate 32,500 pages of documents produced by Great Northern on September 14, 2010 and September 16, 2010, prior to filing this motion to compel, it would have been obvious  that Great Northern did indeed produce the underwriting file for the subject McGuireWoods policy. **Exhibit 2**. Great Northern produced these documents despite their irrelevance to the instant case and under objection.

Out of an abundance of caution and in good faith compliance with the applicable Federal Rules of Civil Procedure and Local Civil Rules governing discovery in this matter, counsel for Great Northern forwarded to counsel for McGuireWoods electronic mail attaching the cover letter for the corresponding production, on September 16, 2010. **Exhibit 3**. McGuireWoods, nevertheless, filed this motion despite being on notice that the further production was performed. Such hastily filed motions to compel should not be recognized by this court. *Campbell v. Microsoft Corp.*, 2006 U.S. Dist. LEXIS 9995, at *7 (D.D.C. 2006). A motion to compel is reasonable where a party is dissatisfied with a party's discovery response. *D.E. Techs., Inc. v. Dell, Inc., 2007 U.S. Dist. LEXIS 2769, at *9 (W.D. Va. 2009)*. Logically, it is required that the

receiving party review all discovery responses prior to seeking a court order to compel further discovery from the responding party.

According to Federal Rule of Civil Procedure 26(b)(1), the court can only order discovery of a matter for good cause. *Fed. R. Civ. P. 26 (b)(1)*. Surely, the discovery rules and specifically those that allow a party to compel discovery were intended to be remedial in nature and only used once the receiving party has determined that discovery was inadequate. In this case, no such determination was made by McGuireWoods because it did not take the time to review Great Northern's responses. Great Northern should not be required to produce anything further in this action.

### B. Great Northern has produced all documents pertaining to the drafting history, underwriting manuals and claims manuals for the subject policy within its possession, despite the fact that such documents are irrelevant.

McGuireWoods is not entitled to the drafting history, underwriting manuals or claims manuals for the subject policy because none of the requested documents are relevant in light of the limited nature of the court's analysis in this case. Under the duty to defend analysis set forth in *Reisen, supra* the court will examine the underlying complaints in tandem with the policy contract to determine whether the insurer could be liable for any judgment based upon the allegations. Accordingly, the documents requested by McGuireWoods in discovery are wholly extraneous.

Importantly, McGuireWoods' assertions that Great Northern has withheld discovery pertaining to drafting history, underwriting manuals, and claims manuals for the subject policy is baseless. Other than those documents already produced by Great Northern through its productions on September 14, 2010 and September 16, 2010, no further documents exist that are response to the discovery requests propounded by McGuireWoods. Thus, there is nothing to

compel, because no further responsive documents exist.  *Humanscale Corp. v. CompX International, Inc. et al., 2009 U.S. Dist. LEXIS 120197, at *8 (E.D. Va. 2009).*

> **C. Great Northern is not required to produce an accounting of its company and departmental changes as originally requested by McGuireWoods, because no such documentation is in its possession and the information is not relevant to this claim.**

McGuireWoods has propounded a request for the production of documents which seeks all documents regarding changes in Great Northern's corporate structure from 2000 to the present.  In its motion to compel, McGuireWoods has now stated that it is seeking documents relating to the corporate relationship between Great Northern and the Chubb Corporation.

As set forth above, this information is irrelevant to the court's duty to defend analysis. *VEPCO v. Northbrook Property & Cas. Ins. Co.*, 252 Va. 265, 268, 475 S.E.2d 264, 265 (1996) (quoting *Lerner v. Safeco*, 219 Va. 101, 104, 245 S.E.2d 249, 251 (1978)).  McGuireWoods is not entitled to any of the requested information because the terms contained in other policies for other insurance companies and how they are construed by other insurance companies has absolutely no bearing on the analysis to be employed in this litigation.  Notwithstanding the futility of the documents requested, Great Northern has produced to McGuireWoods a comprehensive corporate schematic detailing how the companies which comprise The Chubb Corporation interrelate.

With respect to the actual request propounded by McGuireWoods regarding corporate changes within Great Northern itself, no such documents exist as these types of ongoing changes are not actively memorialized by the company.  Consequently, McGuireWoods has received more information than it requested and all responsive information within Great Northern's possession.

**D.  Great Northern has produced the discoverable portions of the claim file for the underlying litigation pertaining to this matter.**

McGuireWoods has represented that Great Northern refused to produce the claim file for the underlying litigation.  This is a blatant misrepresentation.  Upon last conversation with counsel for McGuireWoods, and prior to McGuireWoods' filing of this motion to compel, counsel for Great Northern informed that all non-privileged portions of the claim file would be produced, once counsel has had time to review the file and the applicable case law.  **Exhibit 4**. In keeping with its communications with counsel for McGuireWoods, Great Northern has produced the discoverable portions of the claim file.  Great Northern has also produced a detailed privilege log for documents withheld, which includes the date, author, and recipient of the document, the number of pages which comprise the document and description of the subject matter.  The motion to compel is this regard should be deemed moot.

**E.  Great Northern has fully identified all persons involved in examining its duty to defend McGuireWoods in the underlying litigation pursuant to the subject policy.**

Great Northern has supplemented its interrogatory responses to include the addresses, titles, and roles for all persons involved in the processing of McGuireWoods' claim.  As to this issue, the motion to compel should also be deemed moot.

## CONCLUSION

For all of the foregoing reasons, McGuireWoods' motion to compel discovery was not filed in good faith and should therefore be denied.

Respectfully submitted,

/s/ Jeffrey R. Schmieler
Jeffrey R. Schmieler, #32175
Alan B. Neurick, *pro hac vice*
Samuel T. Wolf, *pro hac vice*
Lisa N. Walters, #72291
Saunders & Schmieler, P.C.
The Montgomery Center, Suite 1202
8630 Fenton Street
Silver Spring, Maryland 20910
(301) 588-7717
(301) 588-5073 Facsimile
schmielerj@sslawfirm.com
neuricka@sslawfirm.com
wolfs@sslawfirm.com
waltersl@sslawfirm.com
**Counsel for Defendant**
**Great Northern Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send a notification of electronic filing (NEF) to the following:

James W. Morris, III (VSB No. 05740)
Matthew D. Green (VSB No. 46913)
Melissa Y. York (VSB No. 77493)
*Morris & Morris, P.C.*
Post Office Box 30
Richmond, Virginia 23218-0030
(804) 344-8300 Telephone
(804) 344-8359 Facsimile
jmorris@morrismorris.com
mgreen@morrismorris.com
myork@morrismorris.com
*Counsel for Plaintiff McGuireWoods LLP*

/s/ Jeffrey R. Schmieler
Jeffrey R. Schmieler, #32175
Alan B. Neurick, *pro hac vice*
Samuel T. Wolf, *pro hac vice*
Lisa N. Walters, #72291
Saunders & Schmieler, P.C.
The Montgomery Center, Suite 1202
8630 Fenton Street
Silver Spring, Maryland 20910
(301) 588-7717
(301) 588-5073 Facsimile
schmielerj@sslawfirm.com
neuricka@sslawfirm.com
wolfs@sslawfirm.com
waltersl@sslawfirm.com
**Counsel for Defendant**
**Great Northern Insurance Company**