IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

McGUIREWOODS LLP                    *

      Plaintiff             *

v.                                  *      Civil Action No.: 3:10cv354

GREAT NORTHERN INSURANCE            *
COMPANY
                                    *
      Defendant             
                                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANT GREAT NORTHERN INSURANCE COMPANY'S REPLY BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

Jeffrey R. Schmieler (VSB No. 32175)
Alan B. Neurick (*pro hac vice*)
Lisa N. Walters (VSB No. 72291)
Samuel T. Wolf (*pro hac vice*)
*Saunders & Schmieler, P.C.*
The Montgomery Center, Suite 1202
8630 Fenton Street
Silver Spring, Maryland 20910
(301) 588-7717
(301) 588-5073 Facsimile
schmielerj@sslawfirm.com
neuricka@sslawfirm.com
waltersl@sslawfirm.com
wolfs@sslawfirm.com
***Counsel for Defendant***
***Great Northern Insurance Company***

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Align Tech., Inc. v. Fed. Ins. Co.*,
  673 F. Supp. 2d 957 (N.D. Cal. 2009)..................................................................2

*Charlottesville Music Ctr., Inc. v. Magnepan, Inc.*,
  655 F.2d 38 (4th Cir. 1981)..............................................................................1-2

*PBM Prods. v. Mead Johnson Nutrition Co.*,
  No. 3:09-CV-269, 2009 U.S. Dist. LEXIS 120200 (E.D. Va. 2009)......................1-2

**STATE CASES**

*Allcare, Inc. v. Bork*,
  531 N.E.2d 1033 (Ill. Ct. App. 1988)....................................................................1

*Novell, Inc. v. Vigilant Ins. Co.*,
  No. 2:09-CV-496, 2010 U.S. Dist. LEXIS 41385, 2010 WL 1734771
  (D. Utah Apr. 27, 2010)...2 *Partnership Umbrella, Inc. v. Fed. Ins. Co.*,
  260 Va. 123, 530 S.E.2d 154 (2000) ....................................................................2

*Partnership Umbrella, inc. v. Fed. Ins. Co.*,
  *260 Va. 123, 530 S.E.2d 154 (2000)*......................................................................1

*PMA Capital Ins. Co. v. U.S. Airways, Inc.*,
  271 Va. 352, 626 S.E.2d 369 (2006)......................................................................1

# ARGUMENT

I. **Great North does not have a duty to defend because the policy does not cover claims for defamation involving the disparagement of a person's services, not the injurious falsehood torts.**

Where policy terms are unambiguous, they must be given their plain and ordinary meaning. *See Partnership Umbrella, Inc. v. Fed. Ins. Co.*, 260 Va. 123, 530 S.E.2d 154 (2000). In its opposition, McGuireWoods does not address why the policy language in dispute should not be given its plain and ordinary meaning. McGuireWoods simply argues that the parenthetical "which does not include disparagement of goods, products, property or services" refers to a class of torts called "injurious falsehood." (Pl. McGuireWoods' Opp'n Br. of Cross-Mot. on the Pleadings 2.) This approach ignores the traditional rules of insurance policy interpretation. *See PMA Capital Ins. Co. v. U.S. Airways, Inc.*, 271 Va. 352, 358, 626 S.E.2d 369, 372-73 (2006) ("[the contract is construed as written, without adding terms that were not included by the parties. When the terms in a contract are clear and unambiguous, the contract is construed according to is plain meaning.").

McGuireWoods insists on interpreting the meaning of the policy language by looking to other states' insurance law. In fact, McGuireWoods does not cite a single Virginia case in its discussion of the injurious falsehood torts. It cites to several other federal and state courts, however, for explanation of the torts and their application. The only one of these torts that even touches on the subject of disparagement of services is an Illinois Court of Appeals case discussing "commercial disparagement." *See Allcare, Inc. v. Bork*, 531 N.E.2d 1033, 1037 (Ill. Ct. App. 1988) (explaining that commercial disparagement applies when the quality of a person's goods or services is attacked). It is important to note, however, that commercial disparagement is not a recognized cause of action in the state of Virginia. *See PBM Prods. v.*

1

*Mead Johnson Nutrition Co.*, No. 3:09-CV-269, 2009 U.S. Dist. LEXIS 120200 (E.D. Va. 2009); *cf. Charlottesville Music Center, Inc. v. Magnepan, Inc.*, 655 F.2d 38 (4th Cir. 1981) (interchanging the terms "product disparagement" and "commercial disparagement.").[1]

McGuireWoods also argues that although some of the injurious falsehood torts do not exist in Virginia, an insurance policy may still exclude them from coverage. (Pl. McGuireWoods' Opp'n Br. of Cross-Mot. on the Pleadings 3.) McGuire Woods supports this assertion by claiming that it is an international law firm and the policy coverage territory was "anywhere." *Id.* While the policy was provided to cover claims beyond the state of Virginia, Virginia law will nevertheless control interpretation and application of the terms and provisions of the policy. Even McGuireWoods concedes this fact. *See id.* (". . . Virginia law controls interpretation of the policy. . .").

McGuireWoods points to the opinions of *Novell, Inc. v. Vigilant Insurance Co.*, No. 2:09-cv-496, 2010 WL 1734771 (D. Utah Apr. 27, 2010), or *Align Technology, Inc. v. Federal Insurance Co.*, 673 F. Supp. 2d 957 (N.D. Cal. 2009). Both courts in those cases interpreted policy language identical to the language in dispute in this case but under easily distinguishable circumstances. In *Novell*, the court examined the insurer's duty to defend where the plaintiff had brought a cause of action for slander of title against the insured. The court interpreted the insurance policy language excluding coverage for "disparagement of goods, products, property or services" to exclude a claim for slander of title. However, it is well-established under Utah law that slander of title is a separate cause of action than defamation. No tort for the

---

[1] While the court interchanges the terms in that opinion, it is only discussing disparagement of goods, not services.

disparagement of services is as clearly demarcated in the state of Virginia. As such, the *Novell* holding is inapplicable and irrelevant to an analysis under Virginia law.

Similarly, *Align Technology* involved interpretation of the exact same policy language in dispute in this case and is also easily distinguishable. In that case, the court held that the insurer did have a duty to defend where the cause of action alleged defamation. See *Align Tech.*, 673 F. Supp. 2d 957. The defamation claim in that case, however, only involved intellectual property rights. *Id.* at 971. Furthermore, Great Northern does not dispute that Spencer's complaints alleged defamation but argues merely that the insurance policy does not cover defamation when it is of the disparagement of a person's services. The gravamen of Spencer's complaint for defamation against McGuireWoods is that his services as an attorney were disparaged by McGuireWoods' actions. As such, Great Northern has no duty to defend.

Thus, McGuireWoods' misplaced reliance on *Novell* and *Align Technology* in an attempt to create coverage is easily dismissed. Indeed, each court was applying an analysis very different from Virginia law. As such, their decisions are not controlling, and this Court should examine the policy language in the context of Virginia law. Interpreting a Virginia insurance policy under Virginia law would not reach the same result as either court in *Novell* or *Align Technology*. The words of the policy language should be given their plain meaning and read to exclude defamation claims involving the disparagement of a person's services.

Great Northern incorporates by reference its argument and positions taken in its opposition to McGuireWoods' Motion for Judgment on the Pleadings which is otherwise identical to McGuireWoods' opposition here.

Respectfully submitted,

/s/ Jeffrey R. Schmieler
Jeffrey R. Schmieler (VSB No. 32175)
Alan B. Neurick (*pro hac vice*)
Lisa N. Walters (VSB No. 72291)
Samuel T. Wolf (*pro hac vice*)
*Saunders & Schmieler, P.C.*
The Montgomery Center, Suite 1202
8630 Fenton Street
Silver Spring, Maryland 20910
(301) 588-7717
(301) 588-5073 Facsimile
schmielerj@sslawfirm.com
neuricka@sslawfirm.com
waltersl@sslawfirm.com
wolfs@sslawfirm.com
***Counsel for Defendant***
***Great Northern Insurance Company***

# CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of **October, 2010**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send a notification of electronic filing (NEF) to the following:

James W. Morris, III (VSB No. 05740)
Matthew D. Green (VSB No. 46913)
Melissa Y. York (VSB No. 77493)
*Morris & Morris, P.C.*
Post Office Box 30
Richmond, Virginia 23218-0030
(804) 344-8300 Telephone
(804) 344-8359 Facsimile
jmorris@morrismorris.com
mgreen@morrismorris.com
myork@morrismorris.com
*Counsel for Plaintiff McGuireWoods LLP*

/s/ Jeffrey R. Schmieler
Jeffrey R. Schmieler (VSB No. 32175)
Alan B. Neurick (*pro hac vice*)
Lisa N. Walters (VSB No. 72291)
Samuel T. Wolf (*pro hac vice*)
*Saunders & Schmieler, P.C.*
The Montgomery Center, Suite 1202
8630 Fenton Street
Silver Spring, Maryland 20910
(301) 588-7717
(301) 588-5073 Facsimile
schmielerj@sslawfirm.com
neuricka@sslawfirm.com
waltersl@sslawfirm.com
wolfs@sslawfirm.com
**Counsel for Defendant**
**Great Northern Insurance Company**